## MARTIN F. DEMARET ET AL. v. REUBEN W. BENNETT.

A purchaser of land under an executory agreement will not be compelled to accept a doubtful title and pay the purchase-money, unless he has agreed to take such a title as the vendor has, or to take the title at his own risk, with a knowledge of the defects.

A purchaser who has gone into possession under a deed with warranty, without any notice of a defect in the title, may resist the payment of the purchase-money, by showing his title is worthless and the existence of a superior outstanding title, by actual ouster, or, what is tantamount to the same, an indisputable superior outstanding title, and that he is liable to be evicted. (Paschal's Dig., Art. 227, Note 288.)

But he must return the possession of the premises and the deed for cancellation.

When the purchaser goes into possession under a deed of warranty, and with notice of the defects in the title, there is no equitable grounds upon which he can withold the purchase-money for failure of the title, for the transaction still remains as the vendee understood it to be at the date of the purchase, and he will be forced to await eviction, and then rely upon the covenants in his warranty for the damages arising from the breach of the same.

When the title to the most material part of a purchase fails, the vendee has the option to cancel the whole contract, or he may take the part with a perfect title, and cancel or ask a compensation for the residue; but this rests upon fraud or mistake. If there was none, and no other fact to show that he cannot have relief on the warranty for failure of title, he must rely upon his covenant of warranty.

Where a party purchased under a special covenant of warranty, and he has not been evicted, he cannot divide the contract, and insist on a cancellation of five-sixths of it, and that he be allowed to risk the residue because of his improvements.

Where a party plead an outstanding title in a third party, as a reason for not paying the consideration money for the land so situated, if he propose any equity in regard to this outstanding title, he ought to make the holder of it a party to the suit.

APPEAL from Grimes. The case was tried before Hon. PETER W. GRAY, one of the district judges.

Reuben W. Bennett sued Martin F. Demaret and Edgar Demaret, his security, on a note for $2,500, payable to Thomas C. Bradbury or order, and transferred to plaintiff "in due course of trade and for a valuable consideration."

There were several answers and amended answers. The merits of the defense were, that the defendants plead that the note was transferred after maturity, and that there was a partial failure of consideration. But the questions which might have arisen as to the time of the indorsement seem not to have been preserved in the record. (Paschal's Dig., Arts. 221, 227, Notes 284, 288.) The final answer, to which the demurrer was sustained, and which presents the whole case, was as follows: "And now come the defendants, by their attorneys, leave of the court being first had and obtained, and, for amendment to their answer in this behalf, say, that the promissory note here sued on was given by

defendants in consideration of, or as the purchase-money for, two certain tracts of land bought by one of defendants, Martin F. Demaret, of one Thomas C. Bradbury and wife, Hannah D. Bradbury, said tracts lying and being in Grimes county, State of Texas, one of which contained three hundred and twenty acres, known as the J. Sharpe survey; that at the time of said purchase the said Thomas C. Bradbury admitted that he could not make a good and valid title to one of said tracts of land, to wit, the J. Sharpe survey of three hundred and twenty acres, and thereupon the said Martin F. Demaret refused to close said contract of purchase, or receive the warranty deed of the said Bradbury and wife, unless the said Bradbury would, in addition thereto, execute his certain agreement or obligation in writing, in substance and effect binding him to procure, and within a reasonable time, and make to said Martin F. Demaret a complete and perfect chain of title to said Sharpe survey of three hundred and twenty acres, the same being more fully described in the deed of said Bradbury and wife to defendant, as aforesaid, to which reference is here made, and further binding him (in the event he failed to procure a valid title as aforesaid) to allow as a credit on said promissory note here sued on, or deduct therefrom the estimated value of said Sharpe tract, as awarded by good men. And further, that defendant, Martin F. Demaret, at the time said contract of purchase was made, expressly refused to perfect said trade, or receive the warranty deed of said Bradbury and wife for said land, unless the above-described agreement or obligation was executed by said Bradbury, and made a part of said contract of purchase; that in making said purchase the said defendant relied alone upon said obligation, and not upon said warranty deed, and without its execution would not have closed said contract.

"Defendant further states, that at and before the closing of said contract of purchase, the said Bradbury fraudulently represented unto said Martin F. Demaret that he

could and would, within a reasonable time, procure and deliver to said Martin F. Demaret a complete and perfect chain of title to said Sharpe tract of land; or, in the event of failure so to do, would allow as a credit on the note here sued on the value of said tract of land assessed as aforesaid. Defendants further allege, that the said Bradbury has never complied with his said contract in any particular, or executed to said defendant as aforesaid a complete and perfect title to said Sharpe tract; that said title is not in said Bradbury, but still remains, so far.. as is known to defendants, in said Sharpe; that plaintiff came into possession of said note after maturity thereof, and with full notice that the consideration thereof had in part failed as aforesaid.

"Defendants further allege, that the said Martin F. Demaret, relying upon the representations of said Bradbury, and believing that he could and would fully comply with his promise aforesaid, and make him a valid title to said Sharpe tract within a reasonable time, went into possession thereof, and made large and valuable improvements thereon, to wit: built a gin-house, screw, and other appurtenances of great value, to wit, of the value of $      .

"Defendant, Martin F. Demaret, further states, that under the circumstances he is willing to receive and take, without requiring a complete title therefor from said Bradbury and wife, so much of the said Sharpe survey, being the northwest side of said tract, which he alleges is the poorest portion of said tract, as will include his said improvements, to wit, fifty acres thereof, upon which the said improvements are built as aforesaid, but he expressly refuses to receive the other portion of said tract, unless the said Bradbury and wife make him a title thereto in accordance with their said obligation, and he here offers to rescind said contract as to the balance of said Sharpe tract, exclusive of the portion thereof reserved as aforesaid, and tenders his deed to said Bradbury and wife for the same, and prays that it be taken as part of his answer in this behalf. He further prays, that

upon the final hearing hereof the value of said land be assessed as aforesaid, and that he be allowed its amount, when ascertained, as a credit upon said note, in accordance with said agreement, and for such other and such further relief as he may be entitled to receive. All of which he submits," &c.

The deed tendered as a part of this answer was a release back of all except fifty acres to Bradbury and wife, to include the gin-house and improvements. The demurrer was as follows:

"And now comes the plaintiff, and demurs to the amended answer as insufficient—

"1. Because the defendant did not show or allege that he has been disturbed in his possession by suit or otherwise.

"2. Because he does not allege or show that the vendor and his wife, Bradbury, are insolvent, and not responsible on their warranty.

"3. Because the defendant did not offer to restore the possession of the land sold him, and to cancel the deed from Bradbury and wife to him.

"4. Because the defendant does not allege any fraud or misrepresentations by Bradbury and wife in making the sale, or concealing any fact in relation to the title.

"5. Because the defendant shows by his answer he has the obligation of the said Bradbury and wife, to indemnify him for any supposed defect of title, and for other defects of said answer."

The court sustained the demurrer. The counsel of the defendant put in an affidavit of surprise, alleging the absence of the defendant because of sickness, and desired his presence to tender back a deed to the whole three hundred and twenty acres. [This might have been done by proper answer.—*Reporter.*] So that the points really seem to have been, whether the defendant could have the benefit of a plea of partial failure of consideration, without tendering back the deed and surrendering the whole tract,

to the title of which they objected; or whether they might accept the title to the extent which covered their improvements as a necessity, and claim a deduction as to the residue, *pro tanto*. The defense having been cut off, there was no statement of facts.

No brief for the appellants has been furnished to the *Reporter*.

*Henderson & Johnstone*, for the appellee, suggested delay, which opened up all the errors of the pleadings.

SMITH, J.—That part of the defendant's answer to which exceptions were sustained must be taken as true, for the purposes of the exceptions and the action of the court on them.

A purchaser of land, under an executory agreement, will not be compelled to accept a doubtful title and pay the purchase-money, unless he has agreed to take such a title as the vendor has, or to take the title at his own risk, with a knowledge of the defects. (7 Tex., 244.)

A purchaser who has gone into possession under a deed with warranty, without any notice of a defect in the title, may resist the payment of the purchase-money, by showing his title to be worthless and the existence of a superior outstanding title, by actual ouster, or, what is tantamount to the same, an indisputable superior outstanding title, and that he is liable to be evicted. (20 Tex., 178; 5 Watts & Serg., 58; 9 Barr, 37.)

He must return the possession of the premises and deed for cancellation, (21 Tex., 497; 19 Tex., 267,) upon the equitable ground of fraud or mistake, evidencing the fact that the transaction does not remain the same as it was understood to be at the time of the purchase, and also to prevent circuity of action.

But when the purchaser goes into possession under a

deed of warranty, and with notice of the defects in the title, there are no equitable grounds upon which he can withhold the purchase-money for failure of the title, for the transaction still remains as the vendee understood it to be at the date of the purchase, and he will be forced to await eviction, and then rely upon the covenants in his warranty for the damages arising from the breach of the same.

In this case the defendants below purchased with a general warranty deed, and went into possession with notice of the alleged defect of the title to the three hundred and twenty acre tract, and has not yet been evicted; and if this were all in the answer excepted to the defense would clearly not be sufficient.    There is an averment in the answer to this effect: the vendee of the two tracts, Martin F. Demaret, refused to accept the general warranty deed from his vendors, Thomas C. Bradbury and wife, until he executed a written agreement, obligating himself to procure the title to the J. Sharpe three hundred and twenty acre survey, and convey it to him within a reasonable time, and in the event he should fail to perfect the title as aforesaid, then "the estimated value of the said Sharpe tract, as assessed by good men," was to be allowed as a credit upon the note sued upon; that Bradbury failed to comply with this agreement; that the title is not in him, "but still remains, so far as is known to defendants, in said Sharpe;" that the defendant, Martin F. Demaret, relied upon this agreement, and made valuable improvements upon the northwest side thereof, and proposes to retain fifty acres on that part including his improvements, but to re-convey to Bradbury and wife the residue of the three hundred and twenty acre tract, (two hundred and seventy acres,) and tenders a deed accordingly.

Whether this additional agreement, entered into by Bradbury, will take the case out of the general rule, as before defined, appears not to be entirely free of difficulty.    The

doctrine appears to be well settled, that when the title to the most material part of a purchase fails, the vendee has the option to cancel the whole contract, or he may take the part with a perfect title, and cancel or ask compensation for the residue.

But this equitable doctrine is believed to rest upon the ground of fraud or mistake in the contract, and it will not permit the vendor to profit by his fraud or mistake, but will aid the vendee to enforce the contract as far as it can be done, and give compensation for the residue, when capable of a division in this way.

We believe this equitable ground of relief cannot be invoked by a vendee who has purchased with notice of the defect in the title, and gone into possession under a warranty deed, and nothing shown, like insolvency of the vendor or non-residence from the State, from which it may be inferred that the ordinary legal remedy on the covenants in the agreement are not ample and complete to protect him under the contract. He cannot ask relief upon any of the known grounds of equity, such as fraud, accident, or mistake, and he will be compelled to rely upon his legal rights under the contract; and, if he desire to cancel the agreement, he will have to do so as an entirety; and a proposition to divide the tract, retain a part, and recover the residue, if not in accordance with the terms of the agreement, could not be sustained. Therefore we conclude, that the proposition of the defendant below, to cancel the title papers to two hundred and seventy acres of the three hundred and twenty acre tract, cannot be entertained. The whole of the three hundred and twenty acres must be given up, and the value credited on the note, according to the terms of the agreement, or none of it. This proposition is, in effect, making a new contract for the parties, and forcing Bradbury to sell fifty acres instead of the whole, which he, perhaps, would not have agreed to at first; and there is no equitable

grounds to grant such relief, as before defined. (10 Vesey, 294.)

There are other defects to the defendant's answer, part of which, perhaps, can only be reached by special exception. It does not set forth the whole contract and describe both tracts of land, or the value of either of them, nor the value of the fifty acres he proposes to keep, or of the part (two hundred and seventy acres) which he proposes to re-convey to Bradbury and wife; nor is there any positive averment that there is an indisputable title to J. Sharpe; nor does it set forth the defects in the title. He may have the equitable title to the three hundred and twenty acre tract sufficient to protect him against the legal title of Sharpe, and there may not be the least danger of an eviction. (20 Tex., 600; Rawle on Cov., 712, note 1; 16 Serg. & R., 258, 261; 11 Serg. & R., 158.)

There is another difficulty in the way of the proposed defense. The vendee proposes to cancel the title to two hundred and seventy acres of the three hundred and twenty, and re-convey it to Bradbury and wife, and to make it final, without making them parties to the suit and without being heard.

It was the defendant's duty to bring them before the court if they desired a decree affecting their interest so materially, and then the rights of all concerned might have been settled in one decree.

We think the court did not err in refusing to grant the continuance asked for by the defendant below. He showed no sufficient diligence in preparing his cause, and the ruling of the court upon the exceptions to the answer being correct can afford no legal grounds of surprise to the defendant.

It appearing that the court did not err in sustaining exceptions to the defendant's answer, the judgment is

AFFIRMED.