## E. P. BRYAN v. S. E. & A. A. JOHNSON.

1. A purchaser of land in possession under deed from the vendor with warranty of title cannot resist payment of the purchase money on the ground of failure of consideration, unless he shows that he is liable to eviction by a superior outstanding title.

2. Such a purchaser, having notice of defects in the title at the time of purchase, cannot resist payment of the purchase money on account of such defects.

3. An instrument in the usual form of a deed with warranty of title, but which, after referring to a note for the deferred payment, recites "upon full payment of which said sum of money this instrument is to operate as an absolute deed of conveyance," is a deed evidencing an executed and not an executory contract on the part of the vendor.

4. A purchaser of land, to a portion of which only the title is defective, cannot resist payment of the purchase money as to that part only, but must comply with or avoid the contract of purchase as a whole.

APPEAL from Dallas. Tried below before the Hon. Hardin Hart.

This was a suit brought on a promissory note given by E. P. Bryan to Sarah E. Johnson for part of the purchase money for land, alleged in the petition to have been sold and conveyed by Mrs. Johnson and her husband, A. A. Johnson, to Bryan.

A judgment was asked for the debt and a foreclosure of the vendor's lien which was reserved in the deed. The deed was in the usual form of a deed with warranty of title, with this exception, viz.: after referring to the note for the deferred payment, it proceeded, "upon full payment of which said sum of money this instrument is to operate as an absolute deed of conveyance." This deed was made a part of the original petition, and Bryan insisted that it was not a deed or executed conveyance, but could operate only as a bond for title.

Bryan also plead failure of consideration, in that the title to a part of the land purchased was defective, and

that he was liable to eviction; but there was no offer to return possession of the land nor the deed for cancellation.

It was claimed below by Bryan that the defect of title was known by both parties at the time of the sale, and that the purchase money for which the note was given was at the time withheld and the deferred payment was agreed on to give Johnson and wife an opportunity to cure the defect in the title. This was denied by Bryan.

There is no statement of facts, but the judge below charged the jury, in effect:

1. That the instrument claimed as a deed to Bryan was an executed conveyance or deed to the land.

2. That Bryan could not defend under his plea alleging defective title and failure of consideration until he had returned the possession of the land to his vendors and his deed for cancellation.

3. That if both parties knew of the defect of title at the time of the sale, and Johnson and wife agreed to remedy it before exacting payment of the note, then they could not recover without showing compliance with their promise; but if no such understanding existed, the fact that it was known to both parties furnished no ground of defense.

Verdict and judgment for appellees.

*E. P. Bryan*, for himself, insisted that the contract evidenced by the deed was executory, and not executed; that the title did not pass by the terms of the deed until the note was paid.

*H. Barksdale*, for appellees, contended that the charge of the court given to the jury was correct, and cited Demaret v. Bennett, 29 Texas, 268.

OGDEN, P. J.—It is a well settled principle of the law of this State, that a purchaser of real estate who goes into possession of the purchased property under a deed with warranty and gives his note for deferred payments of the purchase money, cannot resist the payment of those notes on the ground of a failure of consideration, unless he shows that he has been or is liable to be evicted by a superior outstanding title. It is not sufficient for him to show that some one of the links in his chain of title is irregular, and that his title may at some future day be disputed. "But where the purchaser goes into possession under a deed of warranty with notice of defects in the title, there are no equitable grounds upon which he can withhold the purchase money for failure of title." (Demaret v. Bennett, 29 Texas, 268.) The deed or instrument of writing as set forth in this record is undoubted evidence of an executed contract. There was nothing left for the grantors to do ; they had conveyed their entire interest to the land, and placed the same absolutely beyond their control, and the only right reserved to them was a security for the purchase money, or in other words they reserved by express terms the vendor's lien.

There can be no question that this was an executed contract and must be treated as such, and any allegations in defendant's answer to the contrary should have been disregarded by the court.

This then must be treated as the case in Demaret v. Bennett, where the defendant purchased and went into possession with knowledge of whatever defects there were in the title, and he cannot resist the payment of the purchase money unless he shows he has been evicted. This view of the law of this case clearly demonstrates the correctness of the ruling of the court upon exceptions. The defendant below alleged a failure of title to a part of the

land purchased, and prays a cancellation of the contract in part only. He purchased with a full knowledge of all defects in the title, if there are any, and he does not allege fraud or mistake. He, therefore, was not entitled to a cancellation of the contract in part only, but should have prayed for a cancellation of the entire contract, if he wished the interposition of the equitable powers of the court. But even if he were entitled to a cancellation of the contract in part, yet he makes no tender of the deed for cancellation or possession, excepting upon certain conditions of his own prescribing. Such a proposition a court of equity could never entertain, and the District Court did not err in wholly disregarding it.

There is no statement of facts accompanying this record, and therefore we are permitted to review the charge of the court only in so far as it may appear to be in violation of the established rules of law, or contrary to the recognized principles of equity. And after a careful perusal of the record, we discover no errors of law requiring a reversal of the judgment, and it is affirmed.

AFFIRMED.