Mutual Life Insurance Company of New York v.
R. A. Elliott.

No. 812.   Decided December 4, 1899.

**Insurance—Application—Notice of Acceptance.**

An applicant for insurance, to become effective from the date of application on its approval by tne company, and who pays the premium on a receipt providing that no insurance shall be effected and the money shall be returned should the applicant receive no notification within thirty days of any action on such application, may, on failure to receive such notice within the time limited, refuse the policy, though issued within the time, and recover back the premium paid.   (P. 149.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Shackelford County.

Chief Justice Gaines and Associate Justice Brown being disqualified, Chas. K. Bell was appointed Special Chief Justice and John W. Parker Special Associate Justice, to sit with Associate Justice F. A. Williams in this cause.

*Maurice D. Locke*, for appellant.—The plaintiff's application for insurance was in the nature of a proposition submitted to the defendant; and its acceptance by the defendant on June 10, 1898, manifested by executing a policy and mailing it to the agent for delivery, made a complete contract of insurance, which the plaintiff or his legal representatives could have enforced at any time thereafter. 1 May on Ins., secs. 43, 46-49, 53; 1 Biddle on Ins., secs. 140, 141, 149; 1 Bacon on Ben. Soc., sec. 272; Niblack on Ben. Soc., sec. 138; 1 Joyce on Ins., secs. 55, 62; Tayloe v. Insurance Co., 9 How., 390; Hallock v. Insurance Co., 26 N.

J. Law, 268; Insurance Co. v. Hallock, 27 N. J. Law., 645; Kentucky, etc., Insurance Co. v. Jenks, 5 Ind., 96; Lee v. Insurance Co. (Ky.), 41 S. W. Rep., 319; Fried v. Insurance Co., 47 Barbour, 127; same case, 50 N. Y., 243; Yonge v. Equitable, etc., Soc., 30 Fed. Rep., 902; Cooper v. Insurance Co., 7 Nev., 116; Keim v. Insurance Co., 42 Mo., 38; Shattuck v. Insurance Co., 4 Clifford, 598; Supreme Lodge K. of H. v. Martin, 12 Ins. L. J., 628; Fort v. Barnett, 23 Texas, 460; Conn., etc., Insurance Co. v. Rudolph, 45 Texas, 454; Porter v. Insurance Co., 41 Atl. Rep., 970; Insurance Co. v. Babcock, 104 Ga., 67.

Because there must be mutuality of obligation in all contracts, it follows from the last proposition that the defendant became the owner of the premium money at the same instant that it became liable on the insurance contract. Bish. on Con., sec. 78; 1 Pars. on Con., 448-451; Patrick v. Bowman, 149 U. S., 411; Alabama, etc., Insurance Co. v. Herron, 56 Miss., 643; Hartford, etc., Co. v. Lasher Stocking Co., 66 Vt., 439; authorities cited under preceding proposition.

Failure of the plaintiff to receive such notice as was provided for in the receipt could not nullify a contract of insurance already made. It could only give him the right to withdraw his application in case it had not yet been fully accepted. That premium can not be recovered if risk has once attached: 2 Joyce on Ins., sec. 1347; Bliss on Life Ins., sec. 415; 1 Biddle on Ins., sec. 518; 2 May on Ins., sec. 567; Mailhoit v. Insurance Co., 87 Me., 374; Life Insurance Co. v. Houser, 89 Ind., 258.

The appellee's theory is that it was incumbent upon the company to notify him within thirty days concerning the final acceptance or rejection of the application. But the receipt does not in terms so provide. Rejection is to be implied only from failure to receive notice "of any action on such application." What is action? Did not the company act upon the application when it sent its medical examiner out into the country to examine the applicant? Was not each officer of the company acting upon the application when he performed his proper functions with relation to it and passed it on to the officer next in line? There are many things to be done about an application for insurance; and many different officers and clerks have to examine it and take some action regarding it.

*S. Webb* and *Thomas L. Blanton,* for appellee.—When an application provided that the insurance should take effect from that date, if the initial premium was then paid, and same was accepted and a policy issued thereon; and the receipt, given by said company when the premium was paid, provided that unless the applicant should receive notice from said company within thirty days from date, of the action taken on his application, he should consider that said company had declined his risk, and no insurance was to be effected, any failure on the part of said company to notify said applicant within the thirty days, as specified, would

give said applicant the right to treat his application as withdrawn, and demand the repayment of his premium money. Insurance Co. v. Rudolph, 45 Texas, 454.

PARKER, Special Associate Justice.—The Court of Civil Appeals for the Second Supreme Judicial District have certified to this court the following statement and question:

"This is an action brought by the appellee to recover from the appellant money paid it by him as the initial premium on a policy of life insurance, for which he applied at the time of making such payment. The case was tried before a jury upon an agreed statement of facts, and resulted in a verdict and judgment for the plaintiff, and hence this appeal.

"On May 28, 1898, the appellee made a written application to the appellant for a policy of insurance upon his life, and at the same time paid to the appellant the sum of $294.65 in settlement of the first annual premium thereon. In this transaction the appellant was represented by Walter G. Hudson, an itinerant insurance solicitor, who was the appellant's agent for that purpose. The contract then made consisted of two instruments, the application for the insurance and the receipt for the money.

"Said application contains the following clauses pertinent to this litigation:

"'This application made to the Mutual Life Insurance Company of New York is the basis and a part of the proposed contract for insurance, subject to the charter of the company and the laws of the State of New York. I hereby agree that all the following statements and answers, and all those that I make to the company's medical examiner, in continuation of this application, are by me warranted to be true, and are offered to the company as a consideration of the contract, which I hereby agree to accept, and which shall not take effect until the first premium shall have been paid during my continuance in good health, and the policy shall have been signed by the secretary of the company and issued.

"'I have paid $294.85 to the subscribing soliciting agent, who has furnished me with a binding receipt therefor, signed by the secretary of the company, making the insurance in force from this date, provided this application shall be approved, and the policy duly signed by the secretary of the head office of the company and issued.'

"The receipt given to the appellee for his money, and referred to in the application, is as follows:

"'$294.65                                    No. 107,216.
"'The Mutual Life Insurance Co. of New York.
"'Shackelford Co., Tex., 5-28, 1898.

"'Received from Robert A. Elliott, Jr., of Shackelford Co., Tex., two hundred ninety four and 65-100 dollars in cash, being an amount equivalent to the first annual premium on a proposed insurance for

$5000 on the life of Robert A. Elliott, Jr., of Shackelford Co., Tex., for which an application is this day made to the Mutual Life Insurance Company of New York. The insurance so applied for shall be in full force and effect from this date, provided that the said application shall be accepted and approved by the said company at its head office in the city of New York and a policy thereon duly issued. In case the application is not so accepted and approved and no policy is issued, or should the applicant receive no notification from the company within thirty days from the date of this receipt of any action on such application, then and in every such case no insurance shall be effected, and it shall be understood and agreed that the company declines the risk, whereupon all moneys paid hereunder shall be returned upon the delivery of this receipt.

" 'W. J. EASTON, Secretary.

" 'I accept the provisions of the above receipt.

" 'R. A. ELLIOTT, JR.

" 'Countersigned: WALTER G. HUDSON, Collecting Agent.'

"The gravamen of the plaintiff's suit is found in his averment that he received no notification from the defendant of any action on his application within thirty days from May 28, 1898, upon which ground he claims to be entitled to the return of his money.

"It further appears from the record that the application was made and delivered, and the money was paid to Hudson, on May 28, 1898, and on the same day the receipt was given, bearing said date.

"On June 3, 1898, Edwin Chamberlain, who was the defendant's general agent at San Antonio, Texas, wrote to the plaintiff a letter acknowledging receipt of his application and promising to forward it at once to the head office in New York. This letter was duly received by the plaintiff.

"On June 10, 1898, the defendant accepted and approved said application at its head office in the city of New York, and duly issued a policy thereon, sending the same to its general agent, Edwin Chamberlain, for delivery. The plaintiff did not know of this at that time.

"On June 23, 1898, Edwin Chamberlain sent the policy by mail to Walter G. Hudson, the soliciting agent, for delivery to the plaintiff, addressing the same to Hudson at Fort Worth, Texas, which was his regular address. When the policy reached Fort Worth, Hudson was not in town, and the postmaster forwarded it to Pecos, Texas. There it was delivered by mistake to one W. D. Hudson, but it was finally returned to Fort Worth on July 12, 1898, and soon after was delivered to Hudson. On July 16, 1898, Hudson mailed the policy to the plaintiff at Moran, Texas, where it was received on July 17, 1898. The plaintiff refused to receive it from the postoffice, and instructed the postmaster to return it unopened to Hudson, which instruction was carried out. On July 20, 1898, Hudson again forwarded the policy to Webb & Hill, of Albany, Texas, as attorneys for the plaintiff, and they deposited it in the

First National Bank of Albany with instructions to deliver it to the defendant upon receipt of the premium money.

"During the time that the policy was lost the following letters were written and duly received, all in accordance with their dates, addresses and signatures:

" 'FORT WORTH, TEXAS, July 8, 1898.
" 'Mr. Robert A. Elliott, Jr., Moran, Texas:

" 'Dear Sir.—Your policy No. 900,075 as applied for was mailed me from the office on the 23rd ult., but for some unaccountable reason it has not yet reached me. It is probable that it has been reforwarded to the various towns in which I have been, and I am writing the postmasters to-day, relative to the same, and as soon as received it will be sent you. In the meantime you are just as much insured as if the contract was in your possession, as same is fully paid for and established on the company's books. Yours very truly,
" 'WALTER G. HUDSON.' "

" 'ALBANY, TEXAS, July 12, 1898.
" 'Mutual Life Insurance Company, New York:

" 'Dear Sirs.—On May 28th and 31st last Mr. W. Hudson issued receipts to Mess. R. A. Elliott and J. E. Morris (Nos. 107,214 and 107,216) for policies in your company, and according to the terms of said receipts the policies were to be delivered to them within thirty days. They have not received the policies, and have heard nothing regarding the same, until they received a letter a few days since from Mr. Hudson, dated Fort Worth, July 8th, stating that the policies must have miscarried in the mails.

" 'These gentlemen desire to have their notes returned to them, that were given for the premiums on said policies, and they do not want the policies at all. We understand that Mr. Hudson discounted the notes, but this makes no difference, for under the terms of the receipts they are of no force unless the contract is completed within thirty days from the issuance of the receipt.

" 'Please pay the First National Bank of this place the amount due them and instruct them to return the notes to us, or to the parties at interest. One note is for $294.65 and the other for $120.98. Yours very truly,
" 'WEBB & HILL.' "

"The above letter of July 8, 1898, from Hudson to the plaintiff was the first notice received by or sent to the plaintiff that his application had been accepted, and the above letter of July 12, 1898, from Webb & Hill to the defendant, was the first notice received by or sent to the defendant that the plaintiff declined to receive his policy or wished to rescind his application.

"Under this statement, this court deems it advisable (Chief Justice Conner being disqualified) to certify to your honorable court the legal question whether, by the terms of the contract, as evidenced by the application and receipt, the plaintiff was entitled to the return of his money, although the application had been approved and policy issued within thirty days, by reason of the fact that no notification was given Elliott of such action thereon within the thirty days."

We think effect must be given to the clause in the receipt which provides that should the applicant receive no notification from the company within thirty days from the date of the receipt, no insurance should be effected. The language is clear, it was competent for the parties to use it, and there is nothing in the other language employed or in the situation of the parties or in the subject matter to require that its plain meaning be ignored. "When the terms of a contract are free from ambiguity and not such as are against the policy of the law to enforce, they establish the rights of the parties in the subject matter, which will be protected and enforced by the courts." Menard v. Sydnor, 29 Texas, 262. We see no reason to make the contract in this case an exception to the rule stated, and therefore answer that it is our opinion that appellee is entitled to a return of his money. This case is unlike those in which the applicant applied for insurance to run from the date of the application, and, after the issuance of the policy but before delivery, sought to withdraw the application, and the company was allowed to recover the premium, in that the application in such cases contained no provision that failure to give notice of any action upon the application within a limited time should terminate the contract. We answer the question in the affirmative.