**J. C. BUIE, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

**No. 4282.**

Court of Civil Appeals of Texas.

Waco.

Oct. 22, 1964.

Rehearing Denied Nov. 5, 1964.

Campbell, Babchick & Thurlow, Houston, for appellant.

Dittert & Hruska, Bellville, Fulbright, Crooker, Freeman, Bates & Jaworski, Blake Tartt and Tom Connally, Houston, for appellee.

McDONALD, Chief Justice.

This is a workmen's compensation case. Plaintiff Buie alleged that he sustained injuries on October 14, 1961, in the course and scope of his employment; that he suffered a blow to his left knee; and to his back; that the injury to his left leg extended to and affected his back and body in general; and that he sustained permanent and total disability. Trial was to a jury which found that the injury to his knee did not extend to or affect plaintiff's back; that plaintiff's total loss of the use of his left leg was temporary; continued for 6 weeks after October 14, 1961; that the injury was the producing cause of 15% partial use of plaintiff's left leg; and that such partial loss of use was permanent. The jury also found that payment of compensation to plaintiff in weekly installments would result in a manifest hardship to him. The Trial Court entered judgment on the verdict for plaintiff for a lump sum of $995.00.

Plaintiff appeals on 22 points, contending:

1) The jury's answer finding that the injury to plaintiff's left leg did not extend to or affect his back is against the great weight and preponderance of the evidence.

2) The Trial Court erred in permitting defendant's counsel to cross-examine plaintiff about his credit rating in 1957, and the repossession of his automobile in 1957.

3) The Trial Court erred in instructing the jury during oral argument by plaintiff's counsel, that Dr. Renfro's deposition, read to the jury, was not the test provided under the Workmen's Compensation Act.

4) A new trial should have been granted because the jury was guilty of misconduct.

5) A new trial should be granted because of improper argument of counsel for defendant.

■ We revert to plaintiff's 1st contention that the jury's finding that the injury to plaintiff's leg did not extend to and affect his back, is against the great weight and preponderance of the evidence. Drs. Renfro and Gillespie both testified that plaintiff's injury to his left leg did extend to and affect his back. Dr. Renfro was a general practitioner called by plaintiff, further testified plaintiff had a serious knee injury; that he believed plaintiff would have 15% permanent residual disability to his left leg; that plaintiff gave him no history of an injury to his back; and that plaintiff's back complaints could be caused by a change in his weight bearing (due to the leg injury) which in turn caused a strain on the muscles of the lower back. Dr. Gillespie, another general practitioner, called by plaintiff, testified that plaintiff's back complaints were caused by scoliosis, a lateral bending of the spine resulting from plaintiff's favoring his left leg and knee; and that such was a resulting effect of the injury to plaintiff's knee.

Dr. Milligan, an orthopedic surgeon, called by defendant, testified that in his opinion plaintiff was not suffering from scoliosis; that the very slight curvature in the backbone was due to degenerative arthritic changes; and that plaintiff had a tendency to exaggerate his symptoms.

The record further reflects that plaintiff had worked regularly since January 9, 1962, except for some 3 months in 1963, and that his gross earnings were $2828. in 1961, and $3471. in 1962.

From the record as a whole we conclude that while there was a sharp conflict in the evidence as to whether plaintiff's leg and knee injury extended to and affected his back, there is ample evidence to support the findings of the jury, and such findings are not against the great weight and preponderance of the evidence. The contention is overruled.

■ Plaintiff's 2nd contention is leveled at the Trial Court's permitting counsel for defendant to cross-examine plaintiff about his credit rating in 1957, and about the repossession of his automobile in 1957.

Counsel for plaintiff in trying to show that plaintiff would suffer hardship unless awarded a lump sum, asked plaintiff on direct examination if sometime after the accident in 1961 he had had an automobile repossessed, and if his credit had suffered. Plaintiff answered in the affirmative. On cross-examination counsel for defendant asked plaintiff if, in 1957, he had also had a car repossessed, and if his credit rating had been subject to some question prior to the accident. Plaintiff answered in the affirmative. We think the cross-examination proper in view of plaintiff's own direct examination. In any event the jury answered the "lump sum" issue favorable to plaintiff. The contention is overruled.

■ Plaintiff's 3rd contention complains of a verbal instruction the Trial Judge gave to the jury during argument of plaintiff's counsel. Dr. Renfro has testified in his deposition, without objection, that if you cut a piano player's finger off he could be 100% disabled as far as doing that kind of work. Counsel for plaintiff in his argument to the jury related Dr. Renfro's testimony and told the jury not to be misled by the contention that plaintiff was only 15% disabled. Counsel for defendant objected to the foregoing argument on the ground it was not a proper test for disability under the Compensation Act. The Court sustained the objection and instructed the jury not to consider the argument, and further that the test (of disability) under the Compensation Act was not as under the doctor's testimony. Counsel for plaintiff then agreed with the Trial Judge and said: "Of course that is right. Nobody is saying this is a test. Here is a test, what he says is total disability. Nobody says that was a

test * * *." The contention is overruled.

■ Plaintiff's 4th contention is that a new trial should be granted because of jury misconduct. At the hearing on motion for new trial, it was testified that several jurors mentioned their own personal back trouble in the jury room, and that they had gotten over them. Other testimony was to the effect that such remarks were not heard, and that the jury based its verdict on the evidence and the instructions of the trial court. The juror, Mrs. Messman, testified that she applied the test that a person doing heavy labor could not be totally disabled. She however further testified she tried the best she knew how to follow the trial court's instructions, and based on the evidence she did not think plaintiff was totally disabled. The trial court in overruling plaintiff's motion for new trial, is presumed to have found that no jury misconduct occurred or that it was not harmful to plaintiff. Plaintiff's contention is overruled.

■ Plaintiff finally contends a new trial should be granted because of improper argument of defendant's counsel.

Plaintiff's petition asserted that plaintiff's back was injured by being hit against some tongs at the time of the accident. The trial court did not submit any issue on whether plaintiff's back was injured by being hit against some tongs and plaintiff made no objection nor requested any issues on this matter.

Defendant's counsel argued to the jury " * * * the first thing the Judge has found is that there is no question about hitting back on the tongs because he * *." At this point counsel for plaintiff objected that defendant's counsel was telling the jury that the court found something as a matter of law. The court ruled "All right. Proceed." Plaintiff contends that the complained of argument was made to cause the jury to think the court personally felt plaintiff's testimony about hitting his back on some tongs was incredible, and constituted reversible error.

Assuming that the complained of argument was error, there was no request by plaintiff for an instruction to the jury to disregard. In any event, no harm is shown. Rule 434, Texas Rules Civil Procedure; Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596.

All of plaintiff's points and contentions are overruled. Affirmed.