**R. M. HELTON & J. R. Helton,**
**Appellants,**

**v.**

**David Alan KIMBELL, Ind. Exec. of Est. of George T. Kimbell, Deceased, et al., Appellee.**

No. 18470.

Court of Appeals of Texas, Fort Worth.

Sept. 17, 1981.

R. M. Helton, Wichita Falls, for appellants.

Sanders, Masters, Watson & Brown, John M. Key and H. W. Sanders, Wichita Falls, for appellee.

## OPINION

HOLMAN, Justice.

This is an appeal from the trial court's order vacating the appointment of receiver by Tex.Rev.Civ.Stat.Ann. art. 2320b, and declaring void an oil and gas lease executed by the receiver. The matter was tried to the court without a jury, and no findings of fact or conclusions of law were made and none were requested. The appeal is before this court without a statement of facts.

We affirm.

Under their single point of error, appellants assert, inter alia, that the harm, if any, of the trial court's order can be determined from the transcripts alone, without a statement of facts; and that the appellees' trial court allegations as to ownership of the subject property are legally insufficient to authorize the order from which this appeal is made.

Article 2320b provides that in a district court action brought by persons claiming undivided mineral and leasehold interests in lands of this state, the claimants may obtain a receiver for such interests, upon satisfactory proof of diligent but unsuccessful effort to locate the defendants in such action. Having derived appointment from that statute, a receiver's power, authority and duty is subject to orders of the court. Tex.Rev.Civ.Stat.Ann. art. 2320b, § 3.

Appellants filed a petition in trial court alleging their ownership of certain oil and gas lands in Wichita County, seeking to have a receiver appointed under the statute.

The transcript in this case reveals that the defendant in the original application for receivership was one E. M. Blue, alleged to be a non-resident of the State of Texas whom the appellants were unable to locate after diligent effort.

Hearing was held, without notice, on August 12, 1980, when the trial court ordered that the county judge of Wichita County be appointed receiver. On August 15, 1980, the trial court approved the execution, sale and delivery of an oil and gas lease by the receiver, covering the subject land.

On September 3, 1980, the appellees intervened in the receivership. Alleging that they deraign title from E. M. Blue, appellees asked the trial court to vacate the receiver's appointment and to declare void his lease. The trial court heard the motion on September 9, 1980, when both the appellants and the appellees appeared and offered evidence and argument. The trial court granted the appellees' motion by order dated September 11, 1980.

 In Texas, an oil and gas lease is tantamount to a sale of real property. *Duke v. Sun Oil Co.*, 320 F.2d 853 (5th Cir., 1963). A sale by a receiver may be set aside, either before or after its confirmation, when it appears to a court of equity that it was entered through mistake, inadvertence, or improvence. *Gibson v. Smith*, 511 S.W.2d 327 (Tex.Civ.App.—Tyler, 1974, no writ). *Russell v. S & M Amusement Co.*, 198 S.W.2d 944 (Tex.Civ.App.—Waco 1946, writ ref'd n. r. e.). Upon hearing the appellees' motion to vacate the receiver's appointment, and to declare void the receiver's oil and gas lease, the trial court found that the lease was improvidently granted.

 The August 12, 1980, order appointing the receiver would not have become final until 30 days thereafter. Tex.R. Civ.P., Rule 329b. The same is true of the August 15, 1980, order approving the execution, sale and delivery of the oil and gas lease. Therefore, the trial court had the authority and jurisdiction for its order of September 11, 1980, vacating the appointment of a receiver and declaring void the lease. A district court has jurisdiction for 30 days, following the rendition of a judgment, to set it aside. *Law v. Law*, 517 S.W.2d 379 (Tex.Civ.App.—Austin, 1974, writ dism'd); *Affolter v. Affolter*, 389 S.W.2d 742 (Tex.Civ.App.—Corpus Christi, 1965, no writ).

The three orders of the trial court each recite that evidence was presented, and each order was made upon the evidence heard by the court.

 The appellants have the burden to bring before the appellate court a record that shows error which requires a reversal. *The Englander Co., Inc. v. Kennedy*, 428 S.W.2d 806 (Tex., 1968); *Taylor v. American Emery Wheel Works*, 480 S.W.2d 26 (Tex.Civ.App.—Corpus Christi, 1972, no writ).

Under the record presented, we are not required to determine whether the state of the evidence was such as to warrant the judgment rendered by the trial court. *Taylor v. American Emery Wheel Works, supra; Chavers v. Lucenay*, 329 S.W.2d 503 (Tex.Civ.App.—Waco, 1959, no writ); *Cosey v. Supreme Camp of American Woodmen*, 103 S.W.2d 1076 (Tex.Civ.App.—Fort Worth, 1937, writ dism'd).

 Appellants are unable to make a viable complaint that the evidence is legally insufficient to support vital findings to support the judgment, because they cannot discharge their burden of proof in the absence

of a statement of facts. This court must indulge every reasonable presumption that the trial court had before it sufficient evidence upon which to base its judgment. *Jackson v. Hendrix*, 494 S.W.2d 652 (Tex. Civ.App.—Fort Worth, 1973, no writ); *The Englander Co., Inc. v. Kennedy, supra; Buie v. Texas Employers Insurance Association*, 383 S.W.2d 261 (Tex.Civ.App.—Waco, 1964, no writ).

When trial is without the aid of a jury, and there is no statement of facts and no findings of fact or conclusions of law are filed, the appellate court will presume that the trial judge found every fact necessary to support the judgment, and that there was sufficient probative evidence submitted to the court to support each of those facts. *Mercer v. Mercer*, 503 S.W.2d 395 (Tex.Civ. App.—Corpus Christi, 1973, no writ); *City of Corpus Christi v. Gilley*, 458 S.W.2d 124 (Tex.Civ.App.—Corpus Christi, 1970, writ ref'd n. r. e.).

Among the arguments urged by appellants under their single point of error is that the notice required by Rule 695, Tex.R. Civ.P., is not necessary in the receivership obtained under Art. 2320b, V.A.C.S. We disagree. The Texas Rules of Civil Procedure have the same force and effect as statutes. *Missouri Pacific Railroad Co. v. Cross*, 501 S.W.2d 868 (Tex., 1973); *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959). Appellees argue correctly that Art. 2320b was enacted subsequent to Rule 695, and § 5 of the statute makes clear that Art. 2320b is cumulative of the requirements of other laws in effect at the time of its enactment. Although Art. 2320b is silent as to any requirements of notice, Rule 695 requires notice to an adverse party before the appointment of a receiver under Art. 2320b. The absence of notice, however, makes the appointment merely voidable, not void. *Johnson v. Barnwell Production Co.*, 391 S.W.2d 776 (Tex.Civ.App.—Texarkana, 1965, writ ref'd n. r. e.).

Any party may intervene in an action, subject to being stricken for sufficient cause, upon motion by an opposing party. Tex.R.Civ.P. Rule 60. However, once the trial court's judgment is signed, intervention may be too late, even if it comes within the following 30 days of the court's plenary jurisdiction over the judgment. After a judgment is signed, Rule 60's intervention authority vanishes, *until* and *unless* the trial court sets aside its judgment. *Comal County Rural High School Dist. No. 705 v. Nelson*, 158 Tex. 564, 314 S.W.2d 956 (1958).

In the instant case, the appellees were not original parties to the receivership, but, after the order of appointment, they intervened by filing a motion to vacate. While an intervenor is not required to obtain the trial court's approval to intervene, the burden is on the party opposing intervention to secure an order striking it. *Bell v. Craig*, 555 S.W.2d 210 (Tex.Civ.App. —Dallas, 1977, no writ).

Appellants, by making no motion to strike the intervention, waived their right to complain of it. *Delley v. Unknown Stockholders of The Brotherly and Sisterly Club of Christ, Inc.*, 509 S.W.2d 709 (Tex. Civ.App.—Tyler, 1974, writ ref'd n. r. e.).

Appellants contend that the appellees were entitled to challenge the receivership only by collateral attack in a separate action to try title to the mineral lease estate. An order appointing a receiver, however, must be attacked directly in the cause in which the appointment was made, if the order is allegedly voidable. *Johnson v. Barnwell Production Co., supra*, at 783.

The direct attack by appellees' motion to vacate the appointment and to void the lease was a proper remedy. *King Land and Cattle Corporation v. Fikes*, 414 S.W.2d 521 (Tex.Civ.App.—Fort Worth, 1967, writ ref'd n. r. e.).

Appellants' point of error is overruled. Judgment of the trial court is affirmed.

MASSEY, C. J., and SPURLOCK and HOLMAN, JJ., concur.