ACCEPTED
03-14-00697-CV
6408275
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/7/2015 2:56:22 PM
JEFFREY D. KYLE
CLERK

CASE NO. 03-14-00697-CV
IN THE THIRD COURT OF APPEALS
STATE OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/7/2015 2:56:22 PM
JEFFREY D. KYLE
Clerk

PAMELA MEHL, §
§
Appellant, §
§
v. §
§
DAVID STERN, §
§
Appellee. §

## APPELLANT'S REPLY BRIEF

On Appeal from Cause No. D-1-GN-14-002071
In the 250th Judicial District Court
Travis County, Texas

Respectfully submitted,

THE LEFLER LAW FIRM
1530 Sun City Blvd, Ste 119
Austin, Texas  78633
T (512) 869-2579
F (866) 583-7294

*/s/ Sandra M. Lefler*

SANDRA M. LEFLER
State Bar No. 12161040
slefler@leflerlegal.com

August 7, 2015                    LEAD COUNSEL FOR APPELLANT

**NO ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**<u>Appellant</u>**
Pamela Mehl

**<u>Counsel</u>**
Sandra M. Lefler
THE LEFLER LAW FIRM
1530 Sun City Blvd, Ste 119
Austin, Texas 78633
T (512) 869-2579
F (866) 583-7294
slefler@leflerlegal.com

**<u>Appellee</u>**
David Stern

**<u>Counsel</u>**
Brent Allen Devere
DEVERE LAW FIRM
1411 West Avenue, Ste 200
Austin, Texas 78701
T (512) 457-8080
F (512) 457-8060
bdevere@1411west.com

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL.......................................................ii

TABLE OF CONTENTS ......................................................................iii

INDEX OF AUTHORITIES....................................................................vi

ARGUMENT AND AUTHORITIES.............................................................1

    A.    CONTRARY TO APPELLEE'S OPENING ARGUMENT, THE TEXAS SUPREME COURT PRECEDENT ESTABLISHES THAT THE MERE FILING OF A MOTION FOR NEW TRIAL DOES NOT DEFEAT APPELLANT'S RESTRICTED APPEAL ...................................1

        1.    The Texas Supreme Court Established that Filing a Motion for New Trial Does Not Defeat the Filing of a Restricted Appeal...................................................1

        2.    Appellee's Brief Fails to Provide Supporting Authorities as Required by Tex. R. App. P. 38.2(a)(1); Therefore, His Arguments Should Be Disregarded............3

    B.    APPELLEE IGNORED THE MANDATORY VENUE STATUTE. HIS ARGUMENT THAT APPELLANT SHOULD HAVE OBJECTED TO VENUE IS INANE, GIVEN THAT APPELLANT WAS NOT PRESENT IN THE TRIAL COURT TO EVEN RAISE AN OBJECTION. FURTHER, APPELLEE FAILS TO RESPOND TO APPELLANT'S ARGUMENT THAT RECEIVERSHIPS MUST BE FILED IN THE COUNTY IN WHICH THE PROPERTY IS LOCATED; THUS, APPELLEE HAS WAIVED THIS ISSUE...................................4

        1. No Objection to Venue is Required Where Appellant Did Not Participate in the Proceedings...................4

2. Appellee Waived Any Opposition to Appellant's Argument that Venue of the Receivership Appointment was Required in Williamson County ..........................................5

C. CONTRARY TO APPELLEE'S ARGUMENT, PARTIAL RESCISSION IS NOT SUPPORTED UNDER TEXAS LAW AND, THEREFORE, MUST BE REVERSED...................6

D. THE DAMAGES SOUGHT IN APPELLEE'S PETITION WERE NOT TIED TO THE AMOUNT OF ALLEGEDLY DELINQUENT MORTGAGE PAYMENTS; THEREFORE, EVIDENCE PERTAINING TO ANY DELINQUENCY DOES NOT SUPPORT THE JUDGMENT AND THE $20,000 AWARD ON OTHER CLAIMS OF DAMAGE WAS ARBITRARY. ............................8

E. APPELLEE ADMITS THE BASIS OF RESCISSION WAS HIS VENDOR'S LIEN, SECURED BY THE PROPERTY. THE COURT ERRONEOUSLY AWARDED BOTH RESCISSION AND MONEY DAMAGES UNDER THE SINGLE CLAIM FOR BREACH OF CONTRACT.................11

F. THE AFFIDAVIT IN SUPPORT OF ATTORNEY FEES FAILED TO ESTABLISH REASONABLENESS AND NECESSITY UNDER THE TEXAS SUPREME COURT'S FACTORS JUSTIFYING AN ATTORNEY FEE AWARD. ...12

G. APPELLEE MISSES THE POINT REGARDING HIS FAILURE TO NAME INDYMAC, THE FIRST MORTGAGE HOLDER, AS A NECESSARY PARTY – FAILURE TO NAME INDYMAC HARMED APPELLANT. . ..............................................................14

H. APPELLEE FAILED TO ABIDE BY THE PROCEDURAL REQUIREMENTS FOR APPOINTMENT OF A RECEIVER; THEREFORE THE RECEIVERSHIP APPOINTMENT SHOULD BE REVERSED. . . ........................16

CONCLUSION AND PRAYER .........................................................................18

iv

**CERTIFICATE OF SERVICE** .......................................................................... 19

**CERTIFICATE OF COMPLIANCE** ................................................................. 19

# INDEX OF AUTHORITIES

**<u>CASES</u>**                                                                                                           **<u>Page</u>**

*Alexander v. Alexander,*
　　99 S.W.2d 061 (Tex. Comm'n App. Austin 1936, no writ) .................... 6

*Arnold Motor Co. v. C.I.T. Corp.,*
　　149 S.W.2d 1056 (Tex. Comm'n App.—Galveston 1941, no writ) ..... 14

*Arthur Andersen & Co. v. Perry Equip. Corp.,*
　　945 S.W.2d 812 (Tex. 1997) ..................................................................... 13

*Associated Bankers Credit Co. v. Meis,*
　　456 S.W.2d 744 (Tex. Civ. App.—Corpus Christi 1970, no writ) ....... 14

*Basley v. Adoni Holdings, LLC,*
　　373 S.W.3d 577 (Tex. App.—Texarkana 2012, no pet.) ....................... 13

*Bocquet v. Herring,*
　　972 S.W.2d 19 (Tex. 1998) ....................................................................... 12

*Brown v. Ogbolu,*
　　331 S.W.3d 530, 533 (Tex. App.—Dallas 2011, no pet.) ......................... 2

*Bonewitz v. Bonewitz,*
　　726 S.W.2d 227, 228-39 (Tex. App.—Austin 1987, writ ref'd n.r.e.) .... 2

*Campsey v. Campsey,*
　　111 S.W.3d 767, 770 (Tex. App.—Fort Worth 2003, no pet.) ................ 2

*Costley v. State Farm Fire & Cas. Co.,*
　　894 S.W.2d 380, 387 (Tex. App. – Amarillo 1994, writ denied) ............ 7

*Dallas Farm Mach. Co. v. Reaves,*
　　158 Tex. 1, 307 S.W.2d 233 (Tex. 1957) ................................................. 11

*Demaret v. Bennett,*
　　29 Tex. 262, 269 (Tex. 1867) ..................................................................... 7

*Fawcett, Ltd. v. Id. N. & Pac. R.R. Co.,*
293 S.W.3d 240, 251 (Tex. App. – Eastland 209, pet. denied) ............... 8

*Ferguson v. DRG/Colony N. Ltd.,*
764 S.W.2d 874, 886 (Tex. App. – Austin 1989, writ denied) .............. 11

*First Dallas Petroleum, Inc. v. Hawkins,*
727 S.W.2d 640, 643 (Tex. App. – Dallas 1987) ....................................... 2

*Fredonia State Bank v. Gen. Am. Life Ins. Co.,*
881 S.W.2d 279, 283-84 (Tex. 1994) ........................................................ 5

*Gray v. Phi Res., Ltd.,*
710 S.W.2d 566 (Tex. 1986) ................................................................... 17

*Helton v. Kimbell,*
621 S.W.2d 675 (Tex. App.—Fort Worth 1981, no writ ) ................ 16,17

*Houston Precast, Inc. v. McAllen Constr., Inc.,*
Mo. 13-07-135-CV, 2008 WL 4352636, at *1-3 (Tex. App.—Corpus
Christi-Edinburg Sept. 25, 2008, no pet.) ................................................ 2

*Johnson v. Barnwell Prod. Co.,*
391 S.W.2d 776 (Tex. Civ. App.—Texarkana 1965, writ ref'd n.r.e.). 17

*Krumnow v. Krumnow,*
174 S.W.3d 820 (Tex. App.—Waco 2005, pet. denied) .......................... 16

*Lawyers Lloyds of Texas v. Webb,*
*137 Tex. 107, 152 S.W.2d 1096, 1097 (1941)* ......................................... 1,2

*Marion v. Marion,*
205 S.W.2d 426 (Tex. Civ. App.—San Antonio 1947, no writ ........ 16,17

*McKnight v. Trogdon-McKnight,*
132 S.W.3d 126, 129 (Tex. App.—Houston [14th Dist.] 2004, no pet.).. 2

*Merrell Dow Pharms., Inc. v. Havner,*
956 S.W.2d 706 (Tex. 1996) ................................................................... 10

*Nationwide Life Ins. Co. v. Nations,*
    654 S.W.2d 860 (Tex. App.—Houston [14th Dist.] 1983, no writ) ....... 16

*Nat'l Aid Life of Okl. City v. Adams,*
    157 S.W.2 957, 958 (Tex. Civ. App. – Eastland 1941) ........................... 7

*Nelson v. Najm,*
    127 S.W.3d 170 (Tex. App.—Houston [1st Dist.] 2003........................... 11

*Petco Animal Supplies, Inc. v. Schuster,*
    144 S.W.3d 554 (Tex. App. – Austin 2004) .......................................... 10

*Pratt v. Amrex, Inc.,*
    354 S.W.3d 502 (Tex. App.—San Antonio 2011, pet. denied) .............. 6

*Rubenstein & Sons Produce, Inc. v. State,*
    272 S.W.2d 613, 621 (Tex. Civ. App. – Dallas 1954, writ ref'd
    n.r.e.) ..................................................................................................... 5

*Sw. Cooperage Co. v. Kivlen,*
    266 S.W. 826, 829 (Tex. Civ. App. – Dallas 1924, no writ) .................... 7

*Texaco, Inc. v. Cent. Power & Light Co.,*
    925 S.W.2d 586 (Tex. 1996) ................................................................... 2

*Tony Gullo Motors I, L.P. v. Chapa,*
    212 S.W.3d 299 (Tex. 2006.) ................................................................ 12

## STATUTES and OTHER AUTHORITIES

TEX. CIV. PRAC. & REM. CODE § 15.011 ............................................................ 6

TEX. CIV. PRAC. & REM. CODE § 15.064 ........................................................... 4,5

TEX. CIV. PRAC. & REM. CODE § 15.0642 .......................................................... 4

TEX. CIV. PRAC. & REM. CODE § 64.091 .......................................................... 16

TEX. CIV. PRAC. & REM. CODE § 64.092 .......................................................... 16

**TEX. R. APP. P. 38.1** ..................................................................... **3**

**TEX. R. APP. P. 38.1((i)** ................................................................. **6**

**TEX. R. APP. P. 38.2(a)** ................................................................. **6**

**TEX. R. APP. P. 38.2(a)(1)** ............................................................. **3**

**TEX. R. CIV. P. 39** ........................................................................ **14**

**TEX. R. CIV. P. 39(a)** .................................................................... **14**

**TEX. R. CIV. P. 39(a)(ii)** ............................................................... **14**

**TEX. R. CIV. P. 695** ...................................................................... **16**

## ARGUMENTS AND AUTHORITIES

**A.  CONTRARY TO APPELLEE'S OPENING ARGUMENT, THE TEXAS SUPREME COURT PRECEDENT ESTABLISHES THAT THE MERE FILING OF A MOTION FOR NEW TRIAL DOES NOT DEFEAT APPELLANT'S RESTRICTED APPEAL.**

### 1.  The Texas Supreme Court Established that Filing a Motion for New Trial Does Not Defeat the Filing of a Restricted Appeal.

Appellee opens its brief with the argument that Appellant's filing of a motion for new trial defeats her ability to satisfy the four requisites of a restricted appeal.  In making this conclusory statement, *Appellee completely ignores the long-standing precedent of the Texas Supreme Court on this issue*.  In *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941), the Texas Supreme Court directly confirmed that the filing of a post-judgment motion for new trial does *not* constitute "participation" in the proceeding so as to prevent pursuit of a restricted appeal.  In explaining its rationale, the Court states:

> There was good reason for making a distinction between those who participate in the hearing in open court, leading up to the rendition of judgment, and those who do not so participate. The statute allows a short period of time for the presentation of an appeal and a longer period for the suing out of a writ of error. Revised Civil Statutes 1925, Arts. 2253 and 2255. The legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal. Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record. For example: One who participates in the hearing of the evidence will be

familiar with the facts introduced upon the trial and can immediately begin the preparation of his appeal; whereas, one who does not so participate may have to wait until the reporter can prepare a statement of facts before he can properly prepare his appeal for presentation to the appellate court. *A party who did not participate in the hearing leading up to the rendition of judgment, but merely filed a motion for new trial, would be no more familiar with the record in most instances, than one who did not so file a motion for new trial. We hold that the mere filing of a motion of new trial was not such participation in the actual trial of the case as to defeat the plaintiffs in error's right of appeal by writ of error.*[1]

*Id.* (emphasis added). In addressing the issue of "participation", several Texas courts of appeal, including this Third Court of Appeals, subsequently entered decisions consistent with *Lawyers. See Brown v. Ogbolu*, 331 S.W.3d 530, 533 (Tex. App.—Dallas 2011, no pet.); *Houston Precast, Inc. v. McAllen Constr., Inc.*, No. 13-07-135-CV, 2008 WL 4352636, at *1-3 (Tex. App.—Corpus Christi-Edinburg Sept. 25, 2008, no pet.); *Bonewitz v. Bonewitz*, 726 S.W.2d 227, 228-39 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (motion to set aside default not ruled upon or agreed); *First Dallas Petroleum, Inc. v. Hawkins,* 727 S.W.2d 640, 643

---

[1] Although a writ of error is referenced in *Lawyers* rather than a restricted appeal, the restricted appeal replaced the prior "writ of error" procedures with the promulgation of the new Texas Rules of Appellate Procedure in 1997. Since the promulgation of the new rules, Texas courts appear to have followed cases relating to the old writ of error practice in evaluating the "participation" element of the restricted appeal. Participation in an actual trial is a matter of degree, and should be construed liberally in favor of the right to appeal. *Campsey v. Campsey*, 111 S.W.3d 767, 770 (Tex. App.—Fort Worth 2003, no pet.). In *Texaco, Inc. v. Central Power & Light Co.,* the Texas Supreme Court concluded in a writ of error appeal that "participation" that would preclude that avenue of appeal constituted participation "in the decision making event," i.e., the jury trial of plaintiff's claims. 925 S.W.2d 586, 589-90 (Tex. 1996); see also *McKnight v. Trogdon-McKnight*, 132 S.W.3d 126, 129 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

(Tex. App. – Dallas 1987) (filing a motion for new trial does not cause a defendant to "participate at trial").

## 2. Appellee's Brief Fails to Provide Supporting Authorities as Required by Tex. R. App. P. 38.2(a)(1); Therefore, His Arguments Should Be Disregarded.

Rule 38.2(a)(1) sets for the requisites for Appellee's Brief, stating that the brief must conform to the requirements of Rule 38.1. Rule 38.1 states that *"[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities* and to the record." (Emphasis added.) Nowhere does Appellee provide the Court with any legal authorities in support of its conclusory argument that Appellant's filing of a motion for new trial defeats the requirements for a restricted appeal. In fact, as shown above, Appellee's argument is contrary to Texas Supreme Court precedent. Accordingly, the Court should disregard Appellee's argument.

As established in Appellant's opening brief, Appellant satisfies the requirements for a restricted appeal and Appellant's appeal must be permitted to stand.

**B. APPELLEE IGNORED THE MANDATORY VENUE STATUTE. HIS ARGUMENT THAT APPELLANT SHOULD HAVE OBJECTED TO VENUE IS INANE, GIVEN THAT APPELLANT WAS NOT PRESENT IN THE TRIAL COURT TO EVEN RAISE AN OBJECTION. FURTHER, APPELLEE FAILS TO RESPOND TO APPELLANT'S ARGUMENT THAT RECEIVERSHIPS MUST BE FILED IN THE COUNTY IN WHICH THE PROPERTY IS LOCATED; THUS, APPELLEE HAS WAIVED THIS ISSUE.**

**1. No Objection to Venue is Required Where Appellant Did Not Participate in the Proceedings.**

First, Appellee argues that Appellant should have objected to the venue of the trial court in a proceeding where Appellant did not otherwise even have an opportunity to participate (which resulted in the entry of a no-answer default judgment in the first place). The authorities cited by Appellee strictly apply to situations where the parties had the opportunity to actively participate in the proceedings, not where (as here) the defendant did not.

Generally, the review of venue decisions is available only after a final judgment. Where a party has a fair opportunity to participate in the proceedings, mandatory venue can be enforced by mandamus proceedings filed no later than 90 days prior to trial or the 10th day after notice of the trial setting. Tex. Civ. Prac. & Rem. Code, Section 15.0642. If venue was not proper in that county, the error *is not harmless,* and the court of appeals must reverse and remand with instructions to transfer. Tex. Civ. Prac. & Rem. Code, Section 15.064.

Mandatory venue statutes compel transfer. Tex. Civ. Prac. & Rem. Code, Section 15.064. Here, the mandatory venue statute applies to cases involving real property, which was clearly the subject matter of Appellee's action. Appellant did not have the opportunity to challenge venue. The question in this restricted appeal is whether, on the face of the record, error occurred. Clearly, the established precedent concludes that mandatory venue was only proper in Williamson County, not Travis County. Accordingly, this court should at the very least reverse and remand the action with instructions that the case be transferred to Williamson County.

## 2. Appellee Waived Any Opposition to Appellant's Argument that Venue of the Receivership Appointment was Required in Williamson County.

Appellant's Brief also raised the argument that receivership actions must be filed in the county where the property is located. (Appellant's Brief at 30-33). Appellee failed to respond to this issue. This Court has no duty to make an independent search of the record to determine whether Appellant's facts and issues should be challenged. Appellee carries that burden. *Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 283-84 (Tex. 1994); *Rubenstein & Sons Produce, Inc. v. State,* 272 S.W.2d 613, 621 (Tex. Civ. App. – Dallas 1954, writ ref'd n.r.e.)("it is not our duty to search the record for supporting evidence."). Appellees are required to respond or provide a clear and concise statement of the

argument, with authority and citation to the record. Tex. R. App. P. 38.2(a), 38.1(i). Appellee has failed to do so.

In general the usual rules of venue apply to receivership proceedings. *See, e.g., Pratt v. Amrex, Inc.*, 354 S.W.3d 502, 504–505 (Tex. App.—San Antonio 2011, pet. denied) (venue exception for land determined proper venue in action by receiver against strange to receivership); *Alexander v. Alexander*, 99 S.W.2d 1062, 1064 (Tex. Comm'n App.—Austin 1936, no writ) (allegation that underlying action was for partition of real estate in Brown County was sufficient to show jurisdiction of Brown County district court). Here, there is no question that the mandatory venue statute in Section 15.011 applies. Consequently, the receivership claim is similarly subject to the mandatory venue of Williamson County. The Travis County court was without authority to issue the receivership order, constituting reversible error.

## C. CONTRARY TO APPELLEE'S ARGUMENT, PARTIAL RESCISSION IS NOT SUPPORTED UNDER TEXAS LAW AND, THEREFORE, MUST BE REVERSED.

Underlying the Court's decision was a Settlement Agreement between the parties containing numerous conditions and provisions. The parties had a long history of litigation resulting from a domestic breakup. The Settlement Agreement effected the resolution of those numerous disputes. (Appellant's Brief at 22-23; CR 5 – *Original Petition,* p. 3, ¶¶ 7, 8).

The authorities cited by Defendant address only the applicability of rescission as a remedy, without addressing the true issue here: The impropriety of *partial* rescission. Here, the default judgment ordered *partial rescission* of the Settlement Agreement. ***Texas law does not allow partial rescission***. *See Costley v. State Farm Fire & Cas. Co.,* 894 S.W.2d 380, 387 (Tex. App. – Amarillo 1994, writ denied) (finding it to be the "longstanding general rule in Texas that a rescission of a contract must be in toto." (citing *Demaret v. Bennett,* 29 Tex. 262, 269 (Tex. 1867))); *Nat'l Aid Life of Okl. City v. Adams,* 157 S.W.2 957, 958 (Tex. Civ. App. – Eastland 1941) ("The principle, which must rule the judgment in this case, is, that one cannot enforce an advantage existing only by virtue of a contract, and at the same time repudiate the contract as one not binding upon him, thereby avoiding some of its provisions."); *Sw. Cooperage Co. v. Kivlen,* 266 S.W. 826, 829 (Tex. Civ. App. – Dallas 1924, no writ) ("[Partial rescission would] permit the [plaintiffs] to set aside the contract in part for fraud, in so far as against their interest, and to enforce that part of the contract beneficial to them; in other words to retain all the benefits of the contract and escape its obligation on account of the fraud, which would be in direct violation of the fundamental principle governing the rescission of contracts, to wit, that same must be repudiated as a whole or affirmed as a whole." (citations omitted.)). Such a remedy would violate the principle that a court cannot change the terms of a contract to which the parties

agreed. *See Fawcett, Ltd. v. Id. N. & Pac. R.R. Co.,* 293 S.W.3d 240, 251 (Tex. App. – Eastland 209, pet. denied) ("Equity cannot be invoked to create a contract that the court considers should have been made but was not.").

Based upon these fundamental principles, the record on its face sought the erroneous remedy of partial rescission. The default judgment rescinded only a portion of the parties' Settlement Agreement in violation of Texas law. Therefore, the default judgment should be reversed and the case remanded.

**D.**   **THE DAMAGES SOUGHT IN APPELLEE'S PETITION WERE NOT TIED TO THE AMOUNT OF ALLEGEDLY DELINQUENT MORTGAGE PAYMENTS; THEREFORE, EVIDENCE PERTAINING TO ANY DELINQUENCY DOES NOT SUPPORT THE JUDGMENT AND THE $20,000 AWARD ON OTHER CLAIMS OF DAMAGE WAS ARBITRARY.**

In support of the trial court's award of $20,000 in monetary damages, Appellee argues the following:

a. "Stern offered evidence of the delinquency of the underlying mortgage which totaled approximately $16,471.50 (CR 27-29)" (Appellee's Brief at 12);

b. "Moreover, Stern specifically alleged in paragraphs #10 and #11 of his original petition that there was a material default with at least five delinquent mortgage payments (CR3-12)" (Appellee's Brief at 12);

c. "Stern further alleged in paragraph #19 of his original petition damages to his credit, a fact that could easily be supported by the record in light of

many months of delinquent payments in the main mortgage (CR-3012 and CR 27-29)" (Appellee's Brief at 13).

d. "Therefore, an award of $20,000.00 was necessary to address the significant arrears on the mortgage and/or to compensate Stern for damages to his credit." (Appellee's Brief at 13).

All of these arguments fail for one simple reason:  **Appellee did not seek damages for delinquent mortgage payments, and never placed anything in evidence as to the dollar amount of damages to his credit.**

Appellee's Original Petition sought only:

a. Judgment for 50% equitable and legal title and possession of the Property based on rescission of the special warranty deed to Defendant;

b. Damages for breach of contract, and any other pertinent cause of action (and the breach of contract claim sought "rescission of the underlying conveyance of the Property", and "monetary damages in connection with Plaintiff's credit report and reasonable attorneys' fees")(CR 7);

c. Establishment and foreclosure of the vendor's lien securing the defendant's obligations, and for order of sale;

d. A hearing on the application for appointment of receiver; and,

e. Costs, attorney fees, interest, and such other relief to which Plaintiff is justly entitled.

(Original Petition – CR-9).

Appellee's brief attempts to justify the $20,000 damage award by pointing to an alleged delinquency of the underlying mortgage of $16,471.50 (Appellee's Brief at 12-13), and cites to one mortgage statement, unsworn and not authenticated, filed with the court at 8:10 a.m. on the morning his default judgment was set for hearing. (CR- 27-29)(Appellee's Brief at 13). There is no court reporter's record admitting the document into evidence or authenticating the truthfulness of the document. Moreover, the same is irrelevant since Appellee's very basis of damages had no bearing on the underlying mortgage. The record is void of any proof of the alleged damage to Appellee's credit; thus, the award of $20,000 is completely unsupported by the record and must be overturned. As stated in Appellant's Brief, a "no evidence" point will be sustained when there is a complete absence of evidence of a vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1996); *see also Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 559 (Tex. App. – Austin 2004, no pet.).

Here, there exists no reporter's record, statement of facts, or evidence of any kind whatsoever to support the District Court's $20,000.00 actual damages award to Appellee. Therefore, the district court's award of $20,000.00 actual damages must be reversed.

**E. APPELLEE ADMITS THE BASIS OF RESCISSION WAS HIS VENDOR'S LIEN, SECURED BY THE PROPERTY. THE COURT ERRONEOUSLY AWARDED BOTH RESCISSION AND MONEY DAMAGES UNDER THE SINGLE CLAIM FOR BREACH OF CONTRACT.**

As established above, the partial rescission order and the unsupported $20,000 award of damages were both erroneous and constituted reversible error. Appellee argues both awards were necessary because "a rescission of the conveyance alone would not have remedied the damages to Stern's credit report and would not have remedied the significant mortgage arrears." (Appellee's Brief at 13).

Rescission, let alone partial rescission, was simply not appropriate in this case. Absent fraud or mistake, a party seeking rescission has the burden to show that monetary damages are an inadequate remedy. *Ferguson v. DRG/Colony N. Ltd.,* 764 S.W.2d 874, 886 (Tex. App. – Austin 1989, writ denied). Nowhere in the record of this case has Appellee established any basis for rescission (or partial rescission). A party establishing grounds for rescission, such as by proof of fraudulent inducement to make the contract, must choose either to stand on the contract and recover damages <u>or</u> to rescind. *Dallas Farm Mach. Co. v. Reaves*, 168 Tex. 1, 307 S.W.2d 233, 238-239 (Tex. 1957); *Nelson v. Najm*, 127 S.W.3d 170, 176-177 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Here, the district court

awarded *both,* and that double recovery should not be allowed to stand.  Therefore, the award was reversible error and should be corrected by this Court.

**F.**      **THE AFFIDAVIT IN SUPPORT OF ATTORNEY FEES FAILED TO ESTABLISH REASONABLENESS AND NECESSITY UNDER THE TEXAS SUPREME COURT'S FACTORS JUSTIFYING AN ATTORNEY FEE AWARD.**

Regarding the award of attorney fees to Appellee, the issue on appeal is the insufficiencies of the proof offered by Appellee in support of those fees. Generally, attorney's fees in Texas are not recoverable from an opposing party unless authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). In awarding attorney's fees, the amount must be "reasonable and necessary." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Factors to be considered in determining what is reasonable and necessary include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of employment precluded other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent on results obtained, or uncertainty of collection before the legal services have been rendered.

*See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); TEX. DISCIPLINARY RULES OF PROF'L CONDUCT § 1.04. Additionally, when a party is awarded attorney fees without any legally correct basis for the award, error has occurred, justifying reversal. *Basley v. Adoni Holdings, LLC*, 373 S.W.3d 577, 588 (Tex. App.—Texarkana 2012, no pet.).

The only proof in the record in support of attorney fees is the Affidavit of Brent Devere, which made two conclusory statements only: (a) that 10 hours of time was reasonable in this matter, and (b) that $250 per hour was an acceptable fee. (See Supplemental Court Record I dated April 9, 2015 ("S.C.R. I") at 15-17). No other proof was offered in support of those conclusory statements. Nowhere did Appellee address the numerous factors set forth in *Arthur Andersen.* Moreover, as shown above, these attorney fees assume that a proper judgment must first have been awarded in favor of Appellee in order to justify a fee award; yet, as shown herein, the judgment itself was not proper.

Appellee here proffered no arguments, and the record contains insufficient evidence or statement of facts that supports a finding that $2,500.00 in attorney's fees was reasonable and necessary. Further, nowhere in the record is there an examination by the district court of the eight factors from *Arthur Andersen*. As a result, the district court's award of $2,500.00 for attorney's fees was arbitrary and unreasonable, constituting apparent error, and must be reversed.

**G. APPELLEE MISSES THE POINT REGARDING HIS FAILURE TO NAME INDYMAC, THE FIRST MORTGAGE HOLDER, AS A NECESSARY PARTY – FAILURE TO NAME INDYMAC HARMED APPELLANT.**

In an application for a receivership, all persons or entities over whose properties a receiver is to be appointed are parties needed for just adjudication of the proceeding. *Associated Bankers Credit Co. v. Meis*, 456 S.W.2d 744, 747 (Tex. Civ. App.—Corpus Christi 1970, no writ) (all such persons held necessary and indispensable under former Tex. R. Civ. P. 39); *see also* Tex. R. Civ. P. 39(a); *Arnold Motor Co. v. C. I. T. Corp.*, 149 S.W.2d 1056, 1059 (Tex. Comm'n App.—Galveston 1941, no writ) (applying traditional "fundamental error" analysis). All persons who claim an interest in properties placed in receivership should be joined if feasible. TEX. R. CIV. P. 39(a).

Here, Appellee's Petition acknowledges the existence of a first mortgage lien on the property (C.R. 4-5 - *Original Petition,* pp. 2-3, ¶ 6), but fails to identify the lender. Rule 39(a) of the Texas Rules of Civil Procedure notes the importance of including all parties in interest because their absence may "(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." TEX. R. CIV. P. 39(a)(ii). Here, Appellant Mehl assumed the first mortgage indebtedness as part of the settlement agreement (C.R. 5 - *Original Petition,* p. 3, ¶¶ 7-8), in exchange for which Appellant received an assignment of 100% of the subject property. This

conveyance, however, was *rescinded* by the district court, leaving no ruling, disposition, or change in Appellant's assumption of the first mortgage. Consequently, Appellant is still obligated to pay the underlying indebtedness, *yet she has been stripped of 50% of the ownership in the property itself.* Had IndyMac been made a party to the action, the rights and obligations of all parties would have been before the Court. Further, it is very unlikely that any default judgment would have been entered against Appellant, since an interested third party (IndyMac) would also have been in the picture overseeing the overall disposition of these proceedings.

In his brief, Appellee passes off the importance of naming all parties in interest, focusing only upon the harm suffered by the lienholder not named. However, here Appellee's failure to comply with his statutory requirement to name IndyMac renders the proceedings incomplete and enabled Appellee to assume a position of possession (through the receiver) superior to the rights of the underlying lienholder, all to Appellant's detriment. Appellant remains liable on a mortgage indebtedness, without the benefit of ownership of the very property securing repayment of the indebtedness.

The Judgment should be reversed, the receivership appointment vacated, and the Appellee required to replead in order to add IndyMac as a necessary party to the proceedings.

**H. APPELLEE FAILED TO ABIDE BY THE PROCEDURAL REQUIREMENTS FOR APPOINTMENT OF A RECEIVER; THEREFORE THE RECEIVERSHIP APPOINTMENT SHOULD BE REVERSED.**

Appellee, both in the proceedings below and in his brief on appeal, ignores the statutory notice requirements for appointment of a receiver. The record in the trial court is void of any notice of the hearing on Appellee's Petition for the appointment of a receiver. If the application for receivership concerns property that is fixed and immovable, the court is required to give notice to the adverse party unless otherwise provided by statute. TEX. R. CIV. P. 695 (insufficient notice given when oral request for receivership was made after close of evidence at conclusion of temporary injunction hearing); *Helton v. Kimbell,* 621 S.W.2d 675, 678 (Tex. App.—Fort Worth 1981, no writ) (notice requirement applies to mineral receiverships under predecessor of TEX. CIV. PRAC. & REM. CODE §§ 64.091, 64.092); *see, e.g., Nationwide Life Ins. Co. v. Nations*, 654 S.W.2d 860, 861–862 (Tex. App.—Houston [14th Dist.] 1983, no writ) (vacating order of receivership for lack of notice)].

Under Texas Rules of Civil Procedure 695, the court must set a receivership application for hearing and serve notice on the adverse party not less than three (3) days before the hearing. TEX. R. CIV. P. 695; *see Krumnow v. Krumnow*, 174 S.W.3d 820, 829–830 (Tex. App.—Waco 2005, pet. denied) (notice improper when court raised issue of appointment of receiver on its own motion); *Marion v.*

- 16 -

*Marion*, 205 S.W.2d 426, 429 (Tex. Civ. App.—San Antonio 1947, no writ) (show cause order issued at time of original appointment does not constitute notice for subsequent modified order of appointment). This rule does not confer personal jurisdiction absent some type of citation or appearance by the named defendant. *Gray v. Phi Res., Ltd.*, 710 S.W.2d 566, 567 (Tex. 1986) (rule not satisfied by three days' posting of petition at courthouse).

Failure to give notice makes the appointment of the receiver voidable, not void. *Johnson v. Barnwell Prod. Co.*, 391 S.W.2d 776, 785 (Tex. Civ. App.—Texarkana 1965, writ ref'd n.r.e.); *Helton v. Kimbell,* 621 S.W.2d 675, 678 (Tex. App.—Fort Worth 1981, no writ). Thus, as other courts of appeal have noted, any question of notice should be raised in a direct attack, such as a motion to vacate the order of appointment or an appeal. An appeal may be preferable because making a motion to vacate waives any complaint about the absence of notice. *Marion v. Marion*, 205 S.W.2d 426, 429 (Tex. Civ. App.—San Antonio 1947, no writ).

The record fails to show that Appellant ever received notice of the receivership hearing. Nothing in Appellee's Brief shows that the notice requirement was fulfilled. Accordingly, Appellant was thereby denied proper due process and an opportunity to be heard before the receiver was appointed. Thus, the district court's Judgment appointing the receiver is VOID, and should be reversed and this Court order the receiver dismissed from this action.

## CONCLUSION AND PRAYER

Nothing in Appellee's Brief overcomes the basis for this Court to reverse the no-answer default judgment of the district court. It is clear that the district court's Judgment is fraught with numerous points of error, all as plainly seen from the face of the record. Accordingly, Appellant prays that this Court reverse the Judgment in its entirety and remand the matter with instructions that the receivership is vacated and that all further proceedings must be transferred to Williamson County, Texas, where Appellant would be permitted to answer or otherwise plead to Appellee's claims; that Appellant be awarded her costs incurred herein, including all reasonable attorney fees incurred as a result of overturning Appellee's unwarranted Judgment; and for such other and further relief as may in the premises be just and equitable.

Respectfully submitted,

THE LEFLER LAW FIRM
1530 Sun City Blvd, Ste 119
Austin, Texas  78633
T (512) 869-2579
F (866) 583-7294

*/s/ Sandra M. Lefler*
SANDRA M. LEFLER
State Bar No. 12161040
slefler@leflerlegal.com

LEAD COUNSEL FOR APPELLANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August, 2015, Appellant served Appellee with a true and correct copy of the foregoing Appellant's First Amended Brief via electronic filing service to:

Brent Allen Devere
Devere Law Firm
1411 West Avenue, Ste 200
Austin, Texas 78701
bdevere@1411west.com


*/s/ Sandra M. Lefler*
SANDRA M. LEFLER


**CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word 2013 and contains 4,311 words as determined by the computer software word count function, exclusive of the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1) that otherwise do not have to be counted.


*/s/ Sandra M. Lefler*
SANDRA M. LEFLER