**C.L. ROBBINS et al., Appellants,**

v.

**PHI RESOURCES, LTD. et al., Appellees.**

**No. 11–85–263–CV.**

Court of Appeals of Texas, Eastland.

Feb. 27, 1986.

Rehearing Denied March 20, 1986.

Colton Johnson, Albany, Bill B. Hart, Eastland, for appellants.

Mike Seibert, Eastland, for appellees.

Opinion

DICKENSON, Justice.

The issue is whether the heirs of an "unknown" owner have two years, or only thirty days, to file a motion for new trial in connection with an order authorizing a court-appointed receiver to execute a lease on an undivided mineral interest pursuant to TEX.REV.CIV.STAT.ANN. art. 2320b, codified September 1, 1985, as TEX.CIV. PRAC. & REM.CODE sec. 64.091 (Vernon Pamph.1986).

This new code was adopted as a part of the statutory revision program "without substantive change." See TEX.CIV.PRAC. & REM.CODE sec. 1.001 (Vernon Pamph. 1986). Section 64.091, supra, entitled "Receiver for Mineral Interests Owned by Nonresident or Absentee," reads in full as shown:

(a) *The purpose of this section is to encourage the exploration and development of mineral resources.*

(b) In the following actions, a district court may appoint a receiver for the mineral interest or leasehold interest under a mineral lease owned by a nonresident or absent defendant:

(1) an action that is brought by a person claiming or owning an undivided mineral interest in land in this state or an undivided leasehold interest under a mineral lease of land in this state and that has one or more defendants who have, claim, or own an undivided mineral interest in the same property; or

(2) an action that is brought by a person claiming or owning an undivided leasehold interest under a mineral lease of land in this state and that has one or more defendants who have, claim, or own an undivided leasehold interest under a mineral lease of the same property.

(b) (sic) *The defendant for whom the receiver is sought must:*

(1) *be a person whose residence or identity is unknown or a nonresident; and*

(2) *have not paid taxes on the interest or rendered it for taxes during the five-year period immediately preceding the filing of the action.*

(c) The plaintiff in the action must allege by verified petition and prove that he:

(1) has made a diligent but unsuccessful effort to locate the defendant; and

(2) will suffer substantial damage or injury unless the receiver is appointed.

(d) In an action under Subsection (b)(1):

(1) the plaintiff, in the verified petition, must name the last known owner or the last record owner of the interest as defendant;

(2) the court may appoint as receiver the county judge and his successors, the county clerk and his successors, or any other resident of the county in which the land is located; and

(3) the receiver is not required to post bond.

(e) *A receivership created under this subchapter continues as long as the defendant or his heirs, assigns, or personal representatives fail to appear in court in person or by agent or attorney to claim the defendant's interest.*

(f) As ordered by the court, the receiver shall immediately:

(1) execute and deliver to a lessee or successive lessees mineral leases on the outstanding undivided mineral interests;

(2) execute and deliver to a lessee or successive lessees an assignment of the outstanding undivided leasehold interest; and

(3) enter into a unitization agreement authorized by the Railroad Commission of Texas.

(g) A lease executed by a receiver under this section may authorize the lessee to pool and unitize land subject to the lease with adjacent land into a unit not to exceed 160 acres for an oil well or 640 acres for a gas well plus 10 percent tolerance or into a unit that substantially conforms to a larger unit prescribed or permitted by governmental rule.

(h) Money consideration paid for the execution of a lease, assignment, or unitization agreement by the receiver must be paid to the clerk of the court in which the case is pending before the receiver executes the instrument. The court shall apply the money to the costs accruing in the case and retain any balance for the use and benefit of the nonresident or person of unknown residence who owns the mineral or leasehold interest. Payments made at a later time under the lease, assignment, or unitization agreement shall be paid into the registry of the court and impounded for the use and benefit of the owner of the mineral or leasehold interest.

(i) This section is cumulative of other laws relating to removal of a cloud from title or appointment of a receiver.

(j) In this section:

(1) "Mineral lease" includes any lease of oil, gas, or other minerals that contains provisions necessary or incident to the orderly exploration, development, and recovery of oil, gas, or other minerals.

(2) "Leasehold interest" includes ownership created under a mineral lease or carved out of a leasehold estate granted under a mineral lease, including production payments, overriding royalty interest, and working interests.

(3) "Lessee" includes an assignee under an assignment of a mineral lease. (Emphasis added)

On September 14, 1983, after hearing evidence in support of the verified petition of plaintiff, PHI Resources, Ltd., the District Judge entered an order appointing the receiver and ordering her to execute an oil and gas lease on the interest of unknown defendants, Maude Gray and R.L. Robbins, in a 48-acre tract of land. The motion for new trial was filed on August 20, 1985, by C.L. Robbins, Darlene R. Oosterhout and Grand Royal Arch Chapter of Texas, being all the heirs, assigns and possible benefi-

ciaries of R.L. Robbins and Mozelle Robbins Knight. The motion was opposed by Sun Exploration and Production Company, successor in interest to PHI Resources, Ltd., on the basis that the motion for new trial was not filed within the required time.

Appellants argue on appeal that they had two years under TEX.R.CIV.P. 329 in which to file their motion for new trial. We disagree. Rule 329 is not applicable because there was neither citation by publication under TEX.R.CIV.P. 109 nor substituted service under TEX.R.CIV.P. 109a. Appellee's predecessor did give notice under TEX.R.CIV.P. 695, but that rule does not extend the time for filing a motion for new trial.[1]

Since the motion for new trial was not filed within the thirty days allowed by TEX.R.CIV.P. 329a, the deposit of cash in lieu of cost bond was filed too late, and this Court does not have jurisdiction to hear the appeal.

The appeal is dismissed.

---

1. We need not decide if such notice is required, but we note that there is dicta indicating that it is not required, *Johnson v. Barnwell Production Company,* 391 S.W.2d 776 at 785 (Tex.Civ.App.—Texarkana 1965, writ ref'd n.r.e.), and also that it is required, *Helton v. Kimbell,* 621 S.W.2d 675 at 678 (Tex.App.—Fort Worth 1981, no writ).