**Maude GRAY et al., Petitioners,**

v.

**PHI RESOURCES, LTD., Respondent.**

**No. C–5243.**

Supreme Court of Texas.

May 21, 1986.

Rehearing Denied June 25, 1986.

Colton P. Johnson, Albany, for petitioners.

Mike Siebert, Hoffman & Siebert, Eastland, for respondent.

## OPINION

PER CURIAM.

On September 7, 1983, PHI Resources filed suit against Maude Gray and R.L. Robbins and each of their unknown spouses, heirs, devisees, personal representatives, beneficiaries, successors, and/or assigns. The suit was brought to appoint a receiver to handle the mineral interests of the above-named parties pursuant to Tex. Rev.Civ.Stat.Ann. art. 2320b (now codified at Tex.Civ.Prac. & Rem.Code Ann. § 64.091 [Vernon 1986]). PHI Resources had acquired oil, gas and mineral leases covering a certain parcel of land. The above-named parties owned certain undivided interests in the oil, gas and other minerals in that parcel.

On the same day of filing, the trial court signed an order requiring the posting of a copy of the petition at the Eastland County Courthouse for a period of three days prior to a hearing on the matter. On September 14, 1983, a hearing was held at which a receiver was appointed pursuant to the statute. Thereafter, the receiver leased the outstanding interest to PHI Resources. Almost two years later, on August 20, 1985, a motion for new trial was filed on behalf of Darlene Oosterhout, C.L. Robbins, and the Grand Royal Arch Chapter of Texas. These parties claimed to be successors in interest to R.L. Robbins and his former spouse. The trial court never acted on the motion for new trial, so it was overruled by operation of law.

The court of appeals dismissed the appeal, holding that the motion for new trial was untimely because it had not been filed within thirty days of the signing of the judgment. 705 S.W.2d 834. We grant petitioners' application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals. Tex.R. Civ.P. 483.

■ It is a fundamental tenet of our law that a plaintiff must properly invoke the jurisdiction of a trial court by valid service of citation on a defendant. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex.1985). In this case, no citation was issued, but instead, notice was provided by a three-day posting of the petition. Both PHI Resources and the court of appeals contend that such notice was all that was required under Tex.R.Civ.P. 695. However, the September 7 order did not comply with the terms of that rule.

■ Furthermore, the notice provision of Rule 695 will not confer jurisdiction absent some type of citation or appearance by the named defendant(s). But, the petitioners did not file a motion to quash and therefore cannot now complain of the defects in the service of process and the lack of citation. *Middleton*, 699 S.W.2d at 203.

Nonetheless, the three-day posting of the petition is analogous to citation by publication, Tex.R.Civ.P. 109, or other substituted service, Tex.R.Civ.P. 109a. Thus, the successors to R.L. Robbins' interest were entitled to bring their motion for new trial within two years from the date the judgment was signed. Tex.R.Civ.P. 329.

The court of appeals' decision conflicts with the requirements of Rule 329. Accordingly, we reverse the judgment of that court dismissing the appeal and remand the cause to that court for further consideration.