C.L. ROBBINS et al, Appellants,

v.

PHI RESOURCES, LTD. et al, Appellee.

No. 11–85–263–CV.

Court of Appeals of Texas, Eastland.

Sept. 18, 1986.

Rehearing Denied Oct. 16, 1986.

Colton Johnson, Albany, for appellants.

Mike Siebert, Hoffmann and Siebert, Bill B. Hart, Eastland, for appellees.

DICKENSON, Justice.

The Supreme Court held that these appellants [1] "were entitled to bring their motion for new trial within two years from the date the judgment was signed," but the Supreme Court also held that these appellants "cannot now complain of the defects in the service of process and the lack of citation." *Gray v. PHI Resources, Ltd.*, 710 S.W.2d 566 (Tex.1986). In compliance with the Supreme Court's order remanding the cause to this Court for further consideration, we will address appellants' points of error. The relevant facts are stated in this Court's original opinion. *C.L. Robbins*

---

1. C.L. Robbins, Darlene R. Oosterhout, and Grand Royal Arch Chapter of Texas, being all of the heirs, assigns and beneficiaries of R.L. Robbins and Mozelle Robbins Knight.

v. *PHI Resources, Ltd.*, 705 S.W.2d 834 (Tex.App.—Eastland 1986), *rev'd sub nom. Gray v. PHI Resources, Ltd.*, supra.

■ Appellants present four points of error. First, they argue that the trial court erred in appointing a receiver to execute an oil, gas, and mineral lease on the interest of the defendants since there is no evidence (Point of Error No. 1) or insufficient evidence (Point of Error No. 2) from which the court could determine what interest the defendants owned. The statement of facts signed by the attorney ad litem for defendants refers to the warranty deed through which defendants claim and the affidavit of heirship of the grantee in that deed. Point of Error Nos. 1 and 2 are overruled.

■ Next, appellants argue that the district court erred in granting a receiver's lease on more than .1875 net mineral acres because the judgment and lease did not conform to the pleadings and evidence. The record made during the hearing of the motion for new trial shows that appellants actually owned an undivided .1875 interest in the 48–acre tract, being 9 net mineral acres. We modify the trial court's order of September 14, 1983, to show that R.L. Robbins owned 9 net mineral acres and that the bonus attributable to this interest is $135.00 rather than $2.81. Point of Error No. 3 is overruled because the pleadings sought a lease on "such interests of the defendants in and to the above described land as the Court may determine them to own." The error in the calculation of the bonus on this interest has been corrected by this Court's modification of the trial court's order.

■ Finally, appellants argue that the district court erred in granting a receivership against the interest of R.L. Robbins because the court lacked jurisdiction over him, his unknown spouses, heirs, devisees, personal representatives, beneficiaries, successors, and assigns "because the Court lacked jurisdiction over them for reason of defective service or no service and return of citation on them." Point of Error No. 4 is overruled. The Supreme Court specifi-

cally held that appellants "cannot now complain of the defects in the service of process and the lack of citation." *Gray v. PHI Resources, Ltd.*, supra at 567.

As modified, the trial court's order authorizing the receivership lease is affirmed.