**Affirmed and Opinion and Dissenting Opinion filed June 14, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00867-CV

**RAINER VON FALKENHORST III, Appellant**

**V.**

**GEORGE D. FORD JR. AND HARRIS COUNTY CHILDREN'S PROTECTIVE SERVICES, Appellees**

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-00690J**

### DISSENTING OPINION

If a trial court renders judgment on the merits of a petition for a bill of review despite a complete lack of service on any defendant to the underlying final judgment, is the trial court's order void under the Supreme Court's decision in *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988)? Can an individual or entity that was not a party to the underlying final judgment be a proper party to the bill-of-review proceeding? Is such an individual or entity even a "party" or an "appellee" at all if they are not served and do not appear in the bill-of-review proceeding?

While this case is weird, it raises important due-process questions which have not been briefed and which the majority does not address. While it appears to be an issue of first impression whether the lesson of *Peralta*—that a lack of personal jurisdiction may, if sufficiently severe, deprive the trial court of subject-matter jurisdiction—applies in the bill-of-review context, I see no reason why it would not, particularly given the extraordinary relief involved in a bill of review. *See Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950) ("Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, . . . bills of review seeking relief from judgments are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted[.]") (quotation omitted). I dissent.

Appellant filed a petition for a bill of review but did not serve any of the named defendants.[1] Appellant then filed a summary-judgment motion to which it

---

[1] Appellant named as defendants: "**II. Parties to Case** A) Mr. Patrick Scott Shelton (Ex Judge 313th Jud. Dist. . . . B) Mr. George Derlc Ford, Jr (Ex Director Of H.C.C.P.S. . . . C) Harris County Children Protective Service/ aka H.C.C.P.S Through Executive Director Mr. Joel Levine . . . D) Jean Ann Spradling Hughes (Retired Judge . . . ." The majority court recognizes two of those defendants as "appellees."

This raises obvious questions about the nature of an "appellee." Can a person appear for the first time on appeal as an appellee when (1) the person was not served as a defendant, (2) did not appear in the trial court, and (3) was not a party to the trial court's final judgment (in the final bill-of-review order they are merely in the style as "GEORGE D. FORD, JR., ET AL.")? I do not see how these alleged appellees meet the definition of an appellee, i.e., a party to the underlying judgment adverse to appellant against whom an appellant seeks more favorable relief. *See* Tex. R. App. P. 3.1(c), 25.1(c) (defining appellee); *Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.2 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Perhaps that definition of appellee is incomplete, but the court offers no explanation why George D. Ford (whom "appellees" brief describes as the "former executive director of Harris County Protective Services for Children and Adults") and "Harris County Children's Protective Services" are properly appellees. Instead, the court has allowed nonparties to the underlying trial proceeding to appear as "appellees." The fact that these nonparties may have filed a brief in this court does not change the analysis; rather, it indicates that they are properly treated as amici. *See* Tex. R. App. P. 11 (amicus curiae briefs).

On appeal, "appellees" Ford and Harris County Children's Protective Services, who are two of the four non-served and non-appearing "defendants" named in the petition, purport to

2

appears no evidence was attached. After a hearing attended only by appellant,[2] the trial court signed a final order denying appellant's bill of review on the merits.[3] The

"specially appear" on appeal, stating, "As noted by the trial court, none of the listed defendants was served with citation. The first time the appellees became aware of Mr. Von Falkenhorst's petition was when undersigned counsel's office was listed as counsel for appellees and e-served on appeal. To any extent necessary, the appellees only specially appear here and object to the court's exercising jurisdiction over them as they have never been provided proper notice of this suit. Tex. R. Civ. P. 120a." I question whether a special appearance on appeal is possible. "Appellees" further state, "[T]here is no record in this case that the defendants were served with citation, appeared in any way, filed motions for summary judgment, or had any knowledge of appellant's petition for bill of review."

Regardless of whether a party may "specially appear" for the first time on appeal, does the appearance of Ford and Harris County Children's Protective Services have any bearing on the trial court's jurisdiction? Put differently, could the appearance of these parties on appeal retroactively grant the trial court subject-matter jurisdiction it previously lacked? First of all, I am aware of no authority that either of the parties on appeal could bind the Department of Family and Protective Services or any other party to the underlying final order of termination, namely the child and the mother, although that is a matter properly addressed in the trial court, not this court. Even setting that question aside, the actions of the "appellees" in this court could not possibly confer on the trial court jurisdiction it previously lacked, as "subject-matter jurisdiction is a power that exists by operation of law only, and cannot be conferred upon any court by consent or waiver." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (quotation omitted).

[2] A notice from the court reporter indicates that a reporter's record exists but no payment was made; accordingly, there is no reporter's record before this court. The trial court's docket sheet states: "Hearing on P's MSJ on pet. for review: P appeared pro se; court finds it lacks jurisdiction based on lack of service, res judicata & statute of limitations."

[3] Appellant's summary-judgment motion requests numerous forms of relief, including "over $50 Million dollars due to all the due process and constitutional violations." The trial court's order does not specifically state that it denied appellant's summary-judgment motion. However, my reading of the summary-judgment motion indicates that the merits of that motion are immaterial to this appeal; accordingly, the trial court's disposition of the motion for summary judgment is irrelevant.

I note, however, that it does not appear there was any procedural mechanism available for the trial court to render judgment on the merits of the bill of review. Our court has previously held that a trial court errs when it dismisses claims when there is "no motion or other procedural vehicle available to the trial court authorizing it to dismiss" the claims before it. *Ward v. Lamar Univ.*, 484 S.W.3d 440, 453 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Our court explained, "[i]n the absence of such authority, courts should rely on the adversary system of justice, which depends on the parties to frame the issues for decision and assigns to courts the role of neutral arbiter of the matters that the parties present." *Id.* (citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)); *see also Gleason v. Coman*, 693 S.W.2d 564, 567 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) ("[I]t is well established in Texas Courts that dismissal of a case is not proper on the court's own motion. . . . To do so is error."); *Foster v. Foster*, No. 02-20-00327-CV, 2021 WL

trial court stated in the judgment that (1) "Plaintiff did not properly serve any of the named defendants with citation," (2) "Plaintiff's petition is barred by the applicable limitation periods," and (3) "[P]laintiff has failed to show any evidence of extrinsic fraud that would toll the four-year statute of limitations."

In essence, then, the trial court rendered judgment denying the bill of review based on determinations regarding failure of service and the validity of a limitations defense on which no evidence was presented. The majority affirms this judgment.

While I agree with the majority that the issues appellant raises on appeal are meritless, it appears to me there are deeper due-process concerns raised by the trial court's judgment. I am not aware of any authority that a trial court has the power to render judgment on a petition for a bill of review when no defendant has been served.[4] As explained by the Supreme Court, "a judgment entered without notice or

2373329, at *6–7 (Tex. App.—Fort Worth June 10, 2021, pet. denied) (mem. op.) (applying reasoning of *Ward* and reversing trial court's sua sponte dismissal of bill of review).

[4] Even if the named defendants had been served, I note these defendants were not parties to the underlying judgment, and the parties to the underlying judgment were not named in this lawsuit. If parties to the underlying judgment are necessary to this lawsuit (as parties to the underlying judgment generally are), this suit is potentially an impermissible collateral attack. *See Hunt v. Ramsey*, 345 S.W.2d 260, 264 (Tex. 1961) ("It is the general rule that where a proceeding is instituted to vacate and set aside a judgment [by a bill of review], the parties to the judgment must be made parties to such proceeding; and unless this is done, the attack is a collateral one."); *see also* Tex. R. Civ. P. 39 (joinder of persons needed for just adjudication). While the trial record on this issue is not developed, it is clear none of the parties to the underlying judgment were named as defendants to the bill of review, and it escapes me what interest the parties that were named might have in this bill-of-review proceeding. *See Hunt*, 345 S.W.2d at 264 (explaining that, in bill of review, "all parties whose interests are such that they would be, or might be, directly and materially affected are necessary parties"). Those other parties to the underlying final order of termination are, as above, the Department of Family and Protective Services, the child, and the mother. While there may be circumstances in which not all of the parties to the underlying lawsuit must be served in a bill-of-review proceeding, that does not appear to be the situation in this case. *Cf. id.* at 265 ("No reason appears for the necessity of joining those who have no interest in the result of the attack merely because they were parties to the original suit.").

Moreover, I note that, while Child Protective Services is part of the Department of Family and Protective Services, the Family Code gives "the Department of Family and Protective Services" the specific statutory standing to file an original suit affecting the parent-child relationship, and it was the Department that filed the underlying lawsuit. Tex. Fam. Code Ann.

service is constitutionally infirm." *Peralta*, 485 U.S. at 84; *see also Gray v. PHI Res., Ltd.*, 710 S.W.2d 566, 567 (Tex. 1986) ("It is a fundamental tenet of our law that a plaintiff must properly invoke the jurisdiction of a trial court by valid service of citation on a defendant."). Based on *Peralta*, the Supreme Court of Texas has concluded that "[t]he record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment when it either: (1) establishes that the trial court lacked subject matter jurisdiction over the suit; or (2) exposes such personal jurisdictional deficiencies as to violate due process." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012). Accordingly, as the supreme court recently reiterated, "[a] complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time." *Mitchell v. MAP Res., Inc.*, No. 21-0124, 2022 WL 1509745, at *9 (Tex. May 13, 2022) (quoting *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012)).

The Supreme Court of Texas has not specifically explained how *Peralta* applies in a case such as this, in which no defendant to the bill-of-review proceeding was served; *Peralta* itself addressed a circumstance in which parties to the lawsuit underlying a bill of review had not been served. The principles announced in *Peralta*, however, appear to me to compel the conclusion that the deficiencies in personal jurisdiction stemming from a complete lack of service on any defendant in this case violate due process and accordingly void the trial court's judgment. *See PNS Stores, Inc.*, 379 S.W.3d at 273 (applying *Peralta*). While the trial court could have

---

§ 102.003(a)(6); *see In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018) ("Because standing to bring a SAPCR is governed by statute, we apply statutory-interpretation principles in determining whether a plaintiff falls within the category of persons upon whom such standing has been conferred. . . . We analyze statutes as a cohesive, contextual whole, accepting that lawmaker-authors chose their words carefully, both in what they included and in what they excluded.") (citations and quotations omitted). Further, appellant does not argue that any of the defendants he named brought or could have brought the underlying lawsuit as either "a governmental entity" or "a licensed child placing agency," as provided by statute. Tex. Fam. Code Ann. § 102.003(a)(5), (6).

dismissed the petition for want of prosecution based on lack of service, I do not believe it possessed the power to render judgment on the merits based on lack of service. While this conclusion may be counterintuitive, I believe it is mandated by *Peralta*.[5]

Because I conclude the trial court's judgment is void, I would reverse the judgment and remand for further proceedings. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (per curiam) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination.").[6]

While a bill-of-review proceeding from an underlying final order terminating parental rights might be unusual in family district court, at the intermediate appellate court an appeal from a merits-based denial of an equitable bill of review in which no party to the underlying judgment has been served or appeared should raise concern about a void judgment. We are, after all, told that such proceedings should be "watched by courts of equity with extreme jealousy." *Alexander*, 226 S.W.2d at 998. Given *Peralta*, I encourage the Supreme Court of Texas to grant a petition for review if one is filed and settle whether a trial court has subject-matter jurisdiction to reach a decision on the merits in a bill-of-review proceeding absent service on, or

---

[5] Likewise, I do not believe the trial court had the power to sua sponte render judgment on limitations, an affirmative defense that must be pleaded and proven. *See, e.g.*, *In re M.Y.W.*, No. 14-06-00185-CV, 2006 WL 3360482, at *1 (Tex. App.—Houston [14th Dist.] Nov. 21, 2006, pet. denied) (mem. op.) (six-month limitations period in Family Code section 161.211(b) is affirmative defense).

[6] Whether the trial court's judgment is void is an aspect of our subject-matter jurisdiction to review that judgment, and accordingly is an issue we "must consider, . . . even if that consideration is sua sponte." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012).

appearance of, any party to the underlying final judgment. I would hope the supreme court concludes a trial court has no subject-matter jurisdiction.

Accordingly, I dissent.


/s/     Charles A. Spain
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain (Christopher, C.J., majority).

7